THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LOUIS STEIN, Appellant.

Fourth Department, November 2, 1927.

**Crimes — arson, second degree — evidence — statement by defendant not properly taken under Code of Criminal Procedure, §§ 188, 196 — error to admit statement in evidence — defendant not interested in insurance — error to admit evidence that no claims were made on policies.**

A statement made by the defendant before a magistrate shortly after his arrest was improperly admitted in evidence and its admission constituted prejudicial error, since it was not shown that he was informed before making his statement of the charge against him, or of his right to counsel, of the purpose of the statement, or of his liberty to waive making a statement, and since there is nothing in the record to show that the defendant was, at that time, represented by counsel or that the statement was taken as required by statute (Code Crim. Proc. §§ 188, 196), or was in any respect voluntary.

The error was material, since the statement of the defendant varied in material matters from the testimony given by him and by the other witnesses sworn in defense.

The defendant did not own the property burned and was in no way interested in the policies of insurance thereon and it was prejudicial error to ask the agents of the insurance companies whether or not any claims had been made on the policies.

APPEAL by the defendant, Louis Stein, from a judgment of the County Court of the county of Monroe, rendered on the 31st day of December, 1926, convicting him of the crime of arson, second degree, and also from an order denying defendant's motion for a new trial made upon the minutes.

*Henry W. Hill*, for the appellant.

*William L. Clay, Assistant District Attorney*, for the respondent.

SEARS, J.   The defendant has been convicted of the crime of arson in the second degree.   The proof, both as to the incendiary character of the fire and as to the connection of the defendant therewith, it wholly circumstantial.   It is not necessary, however, to state the facts at length.   Two errors appearing in the record are of sufficient importance to require a reversal of the judgment.

The fire occurred on April 17, 1926, in the night time.   It was extinguished by a village fire department between one and two o'clock in the morning.   The defendant was arrested immediately after the fire was put out, and before dawn on that very day was taken before a magistrate, and with other witnesses, and while still under arrest, was questioned by the district attorney and gave his statement as to his knowledge of the transaction.   It is not shown that he was informed before making his statement of the charge against him or his right to the aid of counsel, or the purpose of the statement he might make, or his liberty to waive making a statement, or that such waiver could not be used against him.   There is nothing in the record to show that defendant was represented by counsel or that the statement was taken as required by the statute, or was in any respect voluntary.   (Code Crim. Proc. §§ 188, 196.)   The admission in evidence of testimony of the magistrate as to what defendant stated on that occasion was error. (*People* v. *Ferola*, 215 N. Y. 285; *People* v. *Mondon*, 103 id. 211; *People* v. *McMahon*, 15 id. 384.)   The error was material for the statement of the defendant as testified to by the magistrate varied in material matters from the testimony given by the defendant and by the other witnesses sworn in defense.

The fire in question occurred in a store rented by defendant's wife.   The business was conducted in this store in her name. The stock of goods in the store was owned in part by a corporation known as Don-O-Lac Co., Inc., and in part by the defendant's brother Samuel.   The merchandise was in the possession of the

defendant's wife on consignment for sale. The goods were insured in the name of the defendant's wife, the defendant's brother Samuel and the Don-O-Lac Co., Inc. The defendant had no interest in the goods and was not named in any way in the policies. The policies themselves were received in evidence to show a motive for the crime on the part of the defendant. So far there was no error. Two agents of insurance companies which wrote the policies were called on behalf of the People, and were asked on direct examination whether any claim had been made upon the insurance policies on account of loss resulting from the fire. The questions were objected to but were allowed. The witnesses answered that no claims had been made on the policies. We deem the allowance of these questions error. As the policies were not in defendant's name, it was not his affair whether a claim on the policies was made or not. The evidence was inadmissible on any theory. An inference, however, may have been drawn by the jury from this testimony that the failure to enforce claims upon the policies was evidence of wrongdoing by the defendant in connection with the fire.

The judgment of conviction and order should be reversed on the law and a new trial granted.

All concur. Present — Hubbs, P. J., Clark, Sears, Taylor and Sawyer, JJ.

Judgment of conviction and order reversed on the law and a new trial granted.