THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ROBERT
BURD, Defendant.

Supreme Court, Erie County, March 4, 1965.

*Michael F. Dillon, District Attorney* (*Barbara M. Sims* of
counsel), for plaintiff. *Robert Burd,* defendant in person.

HAMILTON WARD, J. This is an application for an order
vacating a judgment of conviction entered in this court 17 years
ago on February 28, 1947, which adjudged the above-named
defendant guilty of murder in the first degree and imposed a
sentence of life imprisonment.

The defendant alleges that at the time he was brought before a Judge of the Buffalo City Court for a prelminary hearing he was without counsel and he was not advised of his right to counsel, and that as a result he pleaded " guilty " to the information read to him by the Magistrate. However, he states that the Assistant District Attorney present at the arraignment interrupted and said, " Change that guilty plea to not guilty and waive preliminary hearing ". The defendant argues that as a result of this inadvertent statement by him, which he attributes to the fact that he did not have counsel, his defense against the indictment which followed was prejudiced due to his refusal to testify in his own behalf lest he be confronted with that so-called plea upon cross-examination.

This is, of course, completely speculative. It cannot be known whether, if the defendant had testified, the District Attorney would have attempted to confront him with the earlier statement nor whether the trial court would have permitted or forbidden such a disclosure. The defendant's argument rests upon the assumption that the court would have permitted such a showing although there was then respectable authority to the effect that the receipt in evidence of such an admission, given under the circumstances described by the defendant, would have been error. (See *People* v. *Stein*, 221 App. Div. 500, app. dsmd. 249 N. Y. 551.)

The cases relied upon by the defendant are not in point. The first, *Hamilton* v. *Alabama* (368 U. S. 52 [1961]) dealt with a situation where the defendant was without counsel at the time he was arraigned and where, under the applicable law, certain defenses had to be pleaded at such time or deemed waived at least so far as the opportunity to raise them as a matter of right was concerned. Thus, the Supreme Court recognized that " Arraignment  *  *  *  in Alabama is a critical stage in a criminal proceeding " (p. 54). That is not true of New York procedure (see *Canizio* v. *New York*, 327 U. S. 82 [1946]; *People* v. *Combs*, 19 A D 2d 639). Particularly so with respect to the proceeding of which this defendant complains; the so-called preliminary hearing, pursuant to chapter VII (§ 188 *et seq.*) of the Code of Criminal Procedure. The second case urged by the defendant in support of his application is *White* v. *Maryland* (373 U. S. 59 [1963]) where the petitioner had entered a guilty plea during a preliminary hearing when he was without counsel, which plea was later received against him upon trial, although he had later entered a plea of not guilty upon formal arraignment. The court in reversing the judgment of conviction there stated (p. 60): " Whatever may be the normal function of the

' preliminary hearing' under Maryland law, it was in this case as ' critical' a stage as arraignment under Alabama law. For petitioner entered a plea before the magistrate and that plea was taken at a time when he had no counsel."

The missing element in this application is the fact that the so-called guilty plea made by the defendant when he appeared before the Magistrate was not received against him upon trial. If it had, the question would have been available upon appeal. The defendant's decision then not to testify was, if he is to be believed, a conscious election to avoid the risk anticipated. The wisdom or lack of it in that tactic is not a basis for *coram nobis* relief (see *People* v. *Howard,* 12 N Y 2d 65; *People* v. *Siena,* 19 A D 2d 524).

The petition should therefore be denied and the proceeding dismissed.