Per Curiam.

We agree with the courts below that the defendant’s application for a writ of error coram nobis was properly denied — not only for the reasons set forth in the memorandum opinion of the Supreme Court Justice (52 Misc 2d 1) who decided the application but also for the additional reasons stated herein.
In this State at the time the defendant was convicted (in 1947), as well as at the present time, a magistrate holding a preliminary hearing was without jurisdiction to. accept a plea of guilty and could only decide whether the accused should be held for action by the grand jury or discharged (Code Crim, Pro., *450 §§ 188-221-b).[1] If, on a record such as the one before ns, an accused, nevertheless, made an admission upon the preliminary hearing — whether in the form of a plea or an incriminating statement — it could not later be used against him. (See, e.g., People v. Mondon, 103 N. Y. 211; People v. Ferola, 215 N. Y. 285; People v. Stein, 221 App. Div. 500; People v. Pearsall, 51 Misc 2d 955, 957.) Accordingly, it follows that the defendant’s plea of guilty at the preliminary hearing held by the magistrate in 1946 could not have been used against him upon the subsequent trial of the indictment, either as evidence-in-chief or on cross-examination, and that, if it had been so used — and we note that it was not — the resulting conviction would have been reversed.
It is only necessary to add that the defendant’s reliance on People v. Steinmetz (240 N. Y. 411) is misplaced. In that case —'Which was overruled in 1961 by People v. Spitaleri (9 N Y 2d 168) — the defendant had pleaded guilty to the indictment in the court where the case was to be tried and not upon a preliminary hearing before a magistrate.
The order appealed from should be affirmed.
Chief Judge Desmond and Judges Fold, Van Voorhis, Burke, Scileppi, Bergan and Keating concur.
Order affirmed.

. This effectively distinguishes the case from White v. Maryland (373 U. S. 59; see Pointer v. Texas, 380 U. S. 400).