Jasen, J.
In early 1972, the Orange County District Attorney’s office was conducting an investigation of corruption within the Police Department of the City of Newburgh. Defendant, then a detective with the department and a target of that investigation, contacted the District Attorney’s office to negotiate a "cooperation agreement” by which he would receive relatively light treatment in exchange for his coming forth with information essential to the investigation. After several meetings at which the details were negotiated between the defendant, his attorney, and the District Attorney, on January 27, 1972 the defendant agreed in writing to supply the District Attorney’s office with any information and evidence he possessed concerning various members of the Police Department and others, to testify before the Grand Jury and to execute a waiver of immunity in connection therewith, and to also testify at any resulting trials. The agreement was reached on condition that the defendant "may plead to a misdemeanor to cover all outstanding, unpresented and pending criminal charges against him, as of the date of [the] agreement, except homicide” and that the District Attorney’s office would recommend to the sentencing court that the defendant be sentenced to a term of probation and not to a *232 term of imprisonment. Such a plea was to be offered only upon completion of all testimony contemplated by the agreement.
At the time the agreement was signed, the defendant had not yet been formally charged with any crimes. However, in the next few months thereafter, defendant was indicted for burglary in the second degree (six counts), burglary in the third degree (six counts), grand larceny in the first degree (two counts), grand larceny in the third degree (five counts), petit larceny (eight counts), conspiracy in the third degree (six counts), perjury in the first degree (three counts), tampering with physical evidence (ten counts), bribe receiving (two counts), and receiving reward for official misconduct (two counts). These 50 counts were charged in 19 separate indictments.
Pursuant to the "cooperation agreement”, the defendant presented information to the District Attorney, signed a waiver of immunity, appeared before the Grand Jury on 15 occasions, and testified at trial in the two cases which were not disposed of by guilty pleas. Thereafter, on June 1, 1973, defendant applied for acceptance of a plea of guilty to one count of petit larceny, a misdemeanor. Pursuant to the agreement and because of defendant’s co-operation, the District Attorney recommended acceptance of that plea to cover all charges. When the trial court indicated its reluctance to accept the plea, the defendant pressed his contention that, in order to induce the defendant to sign the agreement, the District Attorney had represented to his attorney that County Court Judge Isseks had indicated to the District Attorney that that court would acquiesce to the District Attorney’s recommendations.* Accordingly, the court ordered a hearing to determine what commitments, if any, had been made to the defendant by the District Attorney’s office or by any judicial authority in addition to those made in the written agreement.
At that hearing, the former District Attorney testified that he had no recollection of any discussion with Judge Isseks as to that Judge’s willingness to accept the terms of the agreement with the defendant and that he did not remember telling defendant’s attorney that he had discussed the agree *233 ment with a Judge and that the Judge had agreed to accept the terms of that agreement. Judge Isseks testified that this former District Attorney had never discussed defendant’s case with him and that he had obviously therefore not made any commitment to accept a plea. However, defendant’s attorney testified that this former District Attorney had told him, prior to the actual signing of the agreement, that he had discussed the matter with Judge Isseks, who had stated that he would "accept it that way”. Defendant’s attorney understood this to mean that Judge Isseks had agreed to accept the District Attorney’s recommendations made pursuant to the agreement and relayed the message to defendant. Immediately thereafter, the agreement was signed.
Following this hearing, the court, without first making any specific findings of fact as to these oral representations allegedly made by the District Attorney, stated that "the defendant is in the position * * * that he acted in reliance upon the statement of the former Orange County District Attorney that not only the District Attorney’s office had agreed to this but the County Judge of Orange County had also.” The court then indicated that it would "reluctantly” accept the plea of guilty to the single misdemeanor count charging petit larceny, but stated that it was not giving any indication as to its acceptance or rejection of the recommendation as to sentence.
At sentencing, the trial court indicated its view that any representation which the former District Attorney had made to defendant’s attorney concerning a promise he had obtained from the County Judge related only to acceptance of the guilty plea and not to sentencing. After receiving the probation report, the court sentenced defendant to a one-year term of imprisonment, rather than to a term of probation. On appeal, the Appellate Division majority likewise made clear its view that no representation had been made relative to any promise as to sentence.
The trial court found that the representations made to defendant’s attorney related only to acceptance of the plea, and that the former District Attorney had made no representation that the County Court Judge had agreed not to sentence defendant to prison. These findings were affirmed by the Appellate Division and are supported by the record. Hence, we are deprived of jurisdiction to pass on the disputed fact questions. (NY Const, art VI, § 3, subd a; People v Oden, 36 NY2d 382; People v Leonti, 18 NY2d 384, 390.)
*234 With respect to the "cooperation agreement”, the District Attorney, in consenting to a misdemeanor plea in satisfaction of the 50 counts in 19 separate indictments and by recommending to the Trial Judge a sentence of probation, fulfilled his obligations under the agreement. The trial court, albeit reluctantly, accepted the defendant’s guilty plea, but did not accept the recommendation of probation. As sentencing involves the exercise of discretion by the trial court, the defendant cannot now object merely because the District Attorney’s recommendation as to sentence was not followed by the court.
This case again illustrates the desirability, as we indicated recently in People v Selikoff (35 NY2d 227, 244), of having as complete a record as possible of the agreements, promises and representations which have been made by either the prosecutor or by the judiciary and which have led to a guilty plea.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Cooke concur with Judge Jasen; Judge Fuchsberg dissents and votes to reverse on the dissenting memorandum by Mr. Justice John P. Cohalan, Jr. at the Appellate Division.
Order affirmed.

 The first judicial proceeding relating to prosecutions arising out of this entire investigation came before Judge Isseks of the County Court of Orange County. Thereafter, all the prosecutions, including that of defendant, were transferred to the Supreme Court, Westchester County.