Joseph J asp an, J.
The defendant moves to compel specific performance of a "letter of understanding” (more commonly referred to as a "co-operation agreement”) under which he would provide information to support indictments against "others” in exchange for a consent by the District Attorney to a plea to a lesser charge in satisfaction of the charges against him and a recommendation that he should not be incarcerated.
He also seeks a dismissal of the indictment because of: (a) legal insufficiency of the Grand Jury minutes; (b) prosecutorial misconduct; and (c) selective prosecution. Failing this relief he moves for a change of venue, and discovery and inspection.
The defendant was an insurance agent and included among his clients were the County of Suffolk and various governmental units and agencies within the county.
The indictment charges the defendant with 36 counts of grand larceny in the second degree, six counts of grand larceny in the third degree and 32 counts of criminal breach of the fiduciary responsibility of an insurance agent. In effect, it alleges that the defendant unlawfully appropriated corporate funds and unlawfully commingled trust funds which should *70 have been segregated for payment of premiums due to an insurance company.
I have read the Grand Jury minutes and find them legally sufficient to sustain the charges contained in the indictment. Accordingly, consideration must now be given to the other matters raised by the motion papers and answers submitted thereto.
THE CO-OPERATION AGREEMENT
The defendant was indicted on December 1, 1976 and as a result of discussions between his counsel and the District Attorney, a letter of understanding was prepared and signed on December 29, 1976 by each of the parties which provided in its essential parts as follows:
"george p. tobler agrees to supply the District Attorney with statements and documentary information, george p. tobler further agrees to testify, if subpoenaed, before a grand jury and upon the trial of any indictments resulting from this information, george p. tobler agrees to cooperate fully and to give truthful and honest information. In the event that the District Attorney, in his sole discretion, obtains an indictment or indictments, and further believes that george p. tobler has fully and completely cooperated with the District Attorney, the following actions regarding Indictment Number 1955-76 will take place:
"1. The District Attorney will recommend to the Court that the Court accept a plea of guilty to a single misdemeanor count of the outstanding indictment — (Insurance Law violation — not Grand Larceny or Attempted Grand Larceny) in satisfaction of entire indictment.
"2. The District Attorney will recommend no incarceration * * *
"4. Nothing that george p. tobler tells to the District Attorney will be used against mr. tobler in a criminal prosecution * * *
"mr. tobler fully understands the terms of this agreement. He has discussed the terms with his attorney and is fully aware that the recommendation for leniency as hereinafter set forth, and the plea agreement regarding Indictment Number 1955-76 lies within the sole discretion of the District Attorney.”
The series of events which preceded the understanding and within the two weeks thereafter culminated in a letter from *71 gounsel for the defendant dated January 13, 1977 in which he charged the District Attorney with a failure to live up to the terms of the agreement. It recited 33 areas of inquiry including questions as to the relationship and dealings of the defendant with political party officers, public officials and others in support of a claim that the defendant co-operated fully, answered every single question that was asked and provided documentation requested.
In view of the reference in the co-operation agreement to information leading to an "indictment or indictments” the defendant noted that while he did not and never represented that he could supply information leading to the indictment of named "political figures” he did supply information as to a usurious transaction involving two businessmen and a bank sufficient to warrant an indictment. He concludes that he has therefor fully met his obligation and is entitled to the District Attorney’s consent to the lesser plea and his recommendation as to sentence.
The District Attorney, on the other hand, argues that Tobler had not been totally honest and that, to date, Tobler had not supplied information sufficient to obtain an indictment against anyone and sets forth what he believes to be the legal reasons for not presenting the usury case.
Apparently efforts beyond January 13, 1977 and to mid-March did not break the foregoing impasse and this motion followed.
CPL 220.10 provides that a plea of guilty to one or more but not all of the offenses charged or pleas to a lesser included offense may be entered only "with both the permission of the court and the consent of the people(Emphasis added.)
No claim is made that the court participated in the "understanding” or in any way actually or impliedly promised to accept the plea or the recommendations as to sentence. To this extent, the agreement is admittedly unenforceable.
But apparently taking one step at a time, the defendant has placed in issue the question of whether the District Attorney may be compelled to consent or be deemed to have consented to the lesser plea by reason of the letter of understanding and the action taken with respect thereto.
The punishment to be imposed upon wrongdoers is an appropriate subject of negotiations (People v Selikoff 35 NY2d 227) but the right of the People to withhold consent is not a *72 violation of any constitutional right of the defendant nor does it offend due process. (People v Eason, 40 NY2d 297.)
The requirement that the People consent to a lesser plea has a rational basis as set forth in the dissenting opinion in the Appellate Division in the Eason case (49 AD2d 621, 624): "The prosecutor may, of course, withhold his consent to the acceptance of a plea of guilty to a crime lesser in degree than the crime for which the defendant is indicted (see Matter of McDonald v Sobel, 272 App Div 455, affd 297 NY 679). Essentially, this power of the prosecutor is no more than the right of any party to a litigation to refuse to compromise on terms less than the relief sought in the litigation. The prosecutor represents the People, the indispensable party in any criminal proceeding. As a representative of the People, it must lie within his power to determine whether the criminal proceeding should be terminated by the defendant’s offer to plead to a lesser crime. Once the case is tried and a determination reached as to guilt, however, it must then, under our system of government, be the prerogative of the court to declare the proper judgment and to impose the appropriate punishment, without the prior consent of any party to the litigation.”
The co-operation agreement itself did not amount to a consent by the District Attorney. In fact, the prosecutorial discretion was preserved by the language of the letter of understanding, which was signed by defendant and his attorney. It read in relevant sections:
"In the event that the District Attorney in his sole discretion obtains an indictment or indictments and further believes that George P. Tobler has fully and completely cooperated with the District Attorney, the following actions * * * will take place * * *
"Mr. Tobler fully understands the terms of this agreement. He has discussed the terms with his attorney and is fully aware that the recommendation for leniency as hereafter [sic] set forth and the plea agreement regarding Indictment Number 1955-76 lies within the sole discretion of the District Attorney
The intent of the parties is clear and unambiguous. The defendant offered to become an informer in the hope that he could thereby persuade the District Attorney to drop the felony charges against him and recommend a lenient sentence on the remaining misdemeanor count. Obviously, the District Attorney wanted what he regarded as "valuable information” *73 and did not intend to consent to a lesser plea in the absence thereof. The issue was substance — not form — indictable information and preferably against prominent people — not gossip nor morally wrongful acts legally performed. Whatever the motivation — the parties each understood what they wanted out of this arrangement.
The ultimate judgment as to compliance was by agreement left in the hands of the District Attorney and the defendant cannot now be heard to complain with respect thereto.
If principles of contract law were to be applied, the cooperation agreement would be unenforceable because of the illusory nature of the promise by the District Attorney. At best it might be considered as an agreement to agree. A mere statement of intention is not a promise sufficient to constitute a contractual obligation.
But because of the significance of plea bargaining, it is important that the conduct of the court and the District Attorney meet standards of basic fairness. (Santobello v United States 404 US 257.) There are considerations paramount to the power of individuals to contract (People v Selikoff, supra, p 328) and promises of the District Attorney and the court must be fulfilled.
I do not perceive that any standard of fairness was violated by the conduct of the District Attorney in this case.
The defendant did not jeopardize his case or his legal position by his efforts to co-operate. In paragraph four of the co-operation agreement, it was provided: "Nothing that george p. tobler tells to the District Attorney will be used against mr. tobler in a criminal proceeding.”
The defendant thereby recognized the risks he ran from questioning and limited them. Yet there is no evidence that any of the information supplied by him in any way jeopardized the defendant’s ability to defend himself or that the conduct of the District Attorney was designed to gain a tactical courtroom advantage.
If the defendant can successfully claim an estoppel, he must first show that in reliance upon this agreement, he changed his position to his detriment. He makes such an effort by claiming that he put his life in jeopardy. But the only information that could be construed in support of that claim transpired on and before December 21, 1976, eight days before the execution of the agreement. In this respect, the instant *74 case differs from the cases cited by the defendant in which a plea was entered thereby exposing the defendant to a measure of punishment — the nature and duration of which is frequently at issue.
The quality of the co-operation by the defendant here is best measured by the result — no case was presented to the Grand Jury and of course no indictment was handed up. This court will not substitute its judgment for that of the District Attorney in measuring the quality and quantity of aid provided by the defendant. By agreement, this was a matter left to the sole discretion of the District Attorney.
In Eason (supra), the defendant claimed the benefits of section 65.00 (subd 1, par [b]) of the Penal Law under which he could get life-time probation for material assistance in a drug investigation in lieu of a mandatory sentence upon conviction for a class A-III felony.
The defendant asserted that he fully co-operated and disclosed all he knew about the local drug situation, but the District Attorney refused to accede to his request for probation because he unilaterally determined that the defendant did not provide sufficient material assistance. The District Attorney in the exercise of his discretion withheld his consent to life-time probation notwithstanding the efforts of the defendant. The Court of Appeals held that absent the consent of the District Attorney, a lesser plea could not be accepted nor would probation be granted pursuant to section 65.00 of the Penal Law.
The requirement that the District Attorney’s consent be first given was held not to violate due process nor interfere with the constitutional separation of powers.
People v Maney (37 NY2d 229) does not help the defendant. In that case the parties entered into a written co-operation agreement. The defendant appeared before a Grand Jury on 15 occasions and testified at two trials. The District Attorney consented to the reduced plea and made the required recommendation as to sentence. The only issue was whether the court was bound by the recommendation as to sentence in the absence of prior implied or actual promise by the court. The ruling was that the court’s discretion was not impaired or limited. Maney did not involve the issue presented in the subject case. The District Attorney’s conduct was not under attack.
In People v De Wolfe (36 AD2d 618) the District Attorney *75 indicated that he would accept a plea of guilty to a lesser included offense in full satisfaction of the indictment and recommend a sentence of not more than one year in jail if defendant testified for the People against two accomplices. The Trial Judge approved. The codefendants were never apprehended and an indeterminate sentence not in excess of four years was imposed. The court noted that the defendant was at all times ready to perform and that under the circumstances he should be sentenced as promised or be permitted to withdraw his plea as one induced by a mistake of fact. The distinctions between De Wolfe and the instant case are obvious. In De Wolfe the District Attorney lacked discretion in the matter and the court was bound by its promise. Notwithstanding these facts, the defendant was merely permitted to withdraw his plea restoring him to his original position. The defendant in this case would not be satisfied with that result.
In other cases cited by the defendant, enforcement of a plea was at issue. No plea was entered in this case and the defendant never subjected himself to sentence thereby jeopardizing his position in reliance upon some promise by the prosecutor.
The defendant’s hopes have not been fulfilled, but that does not elevate his claim to preferred treatment to constitutional dimensions, nor does it establish any breach of the standards of fair conduct. The motion to compel the District Attorney to consent to a misdemeanor plea in satisfaction of the indictment is denied. [Other matters omitted from publication.]