OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
It is well settled in this State that "a guilty plea, once *1030 withdrawn, 'is out of the case forever and for all purposes’ ” (People v Droz, 39 NY2d 457, 463, quoting People v Spitaleri, 9 NY2d 168, 173; accord, People v Burd, 18 NY2d 447, 450). This rule, which applies both to the fact of the plea and the contents of the plea allocution, prohibits the use of such material either on the People’s direct case (People v Spitaleri, supra) or for impeachment purposes should the defendant take the stand (People v Droz, supra; People v Burd, supra; People v Papo, 80 AD2d 623; People v Heffron, 59 AD2d 263, 269). People v Evans (58 NY2d 14) is not to the contrary. There, the defendant had been allowed to plead to a lesser charge on condition that he give the District Attorney a sworn statement describing the crime in detail and testify at his accomplice’s trial. The conviction upon the guilty plea was reversed for unrelated reasons, and the People sought to use at trial the preplea statement and the defendant’s subsequent testimony at his accomplice’s trial. We held that under those circumstances, allowing the use of the preplea statement and subsequent testimony would not be unfair to the defendant whereas precluding their use would be unfair to the People since that was the very material that the People had bargained for in the plea agreement. The same considerations do not apply to the plea itself or to admissions made during the plea allocution since the subsequent use of those statements should the plea later be withdrawn is not something the People have bargained for and would be decidedly unfair to the defendant.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.