■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM G. COMPTON, Appellant.—Levine, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered September 16, 1988, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

Defendant was indicted on charges relating to the unlawful possession and sale of firearms in Tompkins County. Defendant was also facing criminal prosecution on similar charges in Federal court. While these cases were pending, defendant cooperated with Federal, State and local authorities in their ongoing investigations. After the Federal charges were disposed of by defendant's guilty plea, defendant sought to accept a plea arrangement which had been offered in the instant case. According to the terms of this plea bargain, defendant would plead guilty to attempted criminal possession of a weapon in the third degree, a class E felony, in satisfaction of all four counts of the indictment. In exchange, the prosecution would recommend that defendant receive the minimum prison sentence, as a second felony offender, of 1½ to 3 years to run concurrent with the Federal sentence.

When defendant attempted to plead in accordance with this arrangement, County Court refused to accept the plea on the ground that the case was already set for trial and that it was the court's "policy" not to accept a negotiated plea on the eve of trial. The court further stated that, pursuant to this policy, the only acceptable guilty plea would be one to the top count of the indictment. Although defense counsel objected on the ground that he had never been informed by the court of its policy of imposing time limits for accepting plea offers, the court adhered to its refusal to accept the negotiated plea.

Defendant thereafter entered a plea of guilty to the top count of the indictment, a class D felony, and at sentencing received the mandatory minimum sentence, as a predicate felony offender, of 2 to 4 years' imprisonment. This appeal by defendant ensued.

Defendant contends that County Court abused its discretion in refusing to permit him to plead guilty to the reduced charge, based solely upon its policy of not accepting such a plea on the eve of trial. In our view, this contention has merit. We cannot endorse a court's general policy of not permitting plea bargains based on circumstances unrelated to the particular defendant and the proposed bargain at issue *(see generally, People v Glendenning,* 127 Misc 2d 880, 881-883). Moreover,

the record appears to support defendant's contention that he was given no prior notice of the court's policy of terminating all outstanding plea offers once the case was ready for trial.

In light of this error, defendant asks this court to modify the judgment by convicting him of the lesser crime of attempted criminal possession of a weapon in the third degree and reducing his sentence to 1½ to 3 years' imprisonment. However, we do not believe that defendant is entitled to specific performance of the original plea arrangement inasmuch as there is no evidence in the record which indicates that County Court's approval was ever obtained (see, People v Tobler, 91 Misc 2d 69; cf., People v McConnell, 49 NY2d 340). Although there is a suggestion in the briefs that during a plea conference with the court, defense counsel may have been misled in this regard, this matter is dehors the record and may not be considered on direct appeal (see, People v Wolcott, 111 AD2d 943, 944).

Nor could this court properly modify defendant's conviction to attempted criminal possession of a weapon in the third degree where, as here, defendant's admissions during the course of the plea allocution fully support the more serious offense to which defendant entered his guilty plea (see, People v Potskowski, 298 NY 299, 303; People v Mierzwa, 124 AD2d 1038, 1039; People v May, 9 AD2d 508, 514). In light of the fact that defendant received the minimum legal sentence for the crime of which he was convicted, we are without power to grant any further reduction of his sentence (see, People v Peale, 122 AD2d 353, 354; People v Rogers, 82 AD2d 731, 733, affd 56 NY2d 552; see also, CPL 470.20 [6]).

The only remedy which this court may grant defendant is a reversal of the judgment of conviction and remittal to County Court. Defendant, however, has expressly declined to request this form of relief and, consequently, we are constrained to affirm.

Judgment affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Levine, JJ., concur.