■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD CURDGEL, Appellant. [594 NYS2d 410] —Crew III, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered May 28, 1991, upon a verdict convicting defendant of the crimes of murder in the second degree (four counts), manslaughter in the second degree (four counts), arson in the first degree (four counts) and criminal facilitation in the second degree.

In the early morning hours of April 16, 1987, a building at 302 Second Street in the City of Albany was destroyed by fire, intentionally set, causing the deaths of four persons. Defendant became a suspect and ultimately gave a statement to law enforcement personnel implicating himself and four other persons in the arson and homicides. Thereafter, defendant, his attorney, an Assistant District Attorney and law enforcement officials entered into negotiations which culminated in an agreement whereby defendant was to waive his immunity, testify before a Grand Jury and at any other proceedings involving the prosecution of the four other persons, including their trials, in exchange for which defendant was to be permitted to plead guilty to criminal facilitation in the second degree and receive an indeterminate prison sentence of 1½ to 3 years. In accordance with that agreement, defendant appeared before a Grand Jury, waived his immunity and gave testimony implicating himself and the four other persons, as the result of which an indictment was returned charging the four other persons with murder and arson and defendant with criminal facilitation. Shortly thereafter, defendant appeared on a local television news broadcast where he apologized to the four other persons allegedly involved in the incident and stated that they had no part in the arson and homicide. As the result of defendant's recantation of his Grand Jury testimony, the People refused to honor the plea agreement and defendant was charged in a second indictment with eight counts of murder in the second degree and four counts of arson in the first degree. Defendant thereafter moved to dismiss the second indictment on the ground that it was in contravention of the aforesaid plea agreement, which motion was denied. Defendant was then tried on the two indictments

and was convicted of four counts of murder in the second degree, four counts of manslaughter in the second degree, four counts of arson in the first degree and criminal facilitation in the second degree.

On this appeal defendant argues that in view of his testifying before the Grand Jury and his continued willingness to testify against his four codefendants, he was entitled to specific performance of his plea agreement and that County Court erred in denying his motion to dismiss the second indictment. We disagree.

It has long been the law that the relevant terms of a plea agreement should be placed on the record (see, People v Danny G., 61 NY2d 169, 174; Matter of Benjamin S., 55 NY2d 116, 120-121) and such an agreement will be enforced only if approved by the trial court (see, People v Compton, 157 AD2d 903, lv denied 75 NY2d 918). At the outset, we are obliged to express our disapproval of any plea agreement, such as here, undertaken without approval of the trial court and not placed on the record. In cases such as this, the preferred practice would be for the attorneys and defendant to appear in chambers and to place the proposed agreement on the record so that the trial court can make a considered judgment as to whether it will approve the agreement (cf., People v McConnell, 49 NY2d 340, 344).

Nevertheless, there does not appear to be any dispute as to the agreement reached in this case and defendant contends that it must be specifically performed because he has fully performed his obligations thereunder and cannot be restored to status quo ante (see, supra, at 347). We, however, agree with the contention of the People that defendant did not fully perform his part of the agreement. By appearing on television and recanting his Grand Jury testimony, defendant decimated his credibility as a witness and, while he may have been willing to appear and testify against his four codefendants, his usefulness to the prosecution was severely compromised, if not destroyed. Accordingly, defendant was not entitled to specific performance of the plea agreement.*

Defendant next contends that the use of his Grand Jury

---

* We should point out that had defendant fully performed, he still would not be entitled to specific performance because County Court had never given its approval of the agreement. At best, defendant would have been entitled to a remittal to County Court so that it might consider the recommended plea and sentence (cf., Matter of Chaipis v State Liq. Auth., 44 NY2d 57).

testimony at his trial was error because it constituted statements made during plea negotiations. Again, we disagree. While the People may not use a plea or the contents of a plea allocution on either their direct case or for impeachment, they may use statements made before plea negotiations and testimony given afterward *(see, People v Moore,* 66 NY2d 1028, 1030). Inasmuch as defendant gave his Grand Jury testimony as the result of and after the plea agreement had been reached, the testimony did not constitute statements made during the course of the plea negotiations. Because we are not faced with the situation where the prosecutor failed to honor the terms of the plea agreement, but rather a situation where defendant breached the agreement, exclusion of the testimony is not required in order to protect the integrity of the plea-bargaining process *(see, People v Evans,* 58 NY2d 14, 23). Accordingly, County Court properly permitted defendant's Grand Jury testimony to be used during the trial *(see, People v Moore, supra).*

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed.