■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HUERTAS, Appellant. [611 NYS2d 392] —Judgment affirmed. Memorandum: Defendant allegedly engaged in plea negotiations with the District Attorney that included testifying against a codefendant. The codefendant thereafter entered

a plea so that defendant's testimony was not needed. When defendant entered his plea, he contended that the court was required to enforce the alleged agreement he had previously negotiated with the District Attorney. We find no merit to defendant's contention. Because County Court never approved the alleged agreement, it cannot be enforced by defendant *(see, People v Curdgel,* 191 AD2d 743, 744, *lv granted* 81 NY2d 1012; *People v Compton,* 157 AD2d 903, 904, *lv denied* 75 NY2d 918). Moreover, the alleged agreement was based on an off-the-record discussion between defense counsel and the District Attorney; thus, it cannot be used to support defendant's request for specific performance *(see, Matter of Benjamin S.,* 55 NY2d 116, 120-121; *People v Compton, supra).*

The issue is not, as asserted by the dissent, whether defendant's failure to testify at the codefendant's trial nullified his purported plea agreement with the District Attorney's office. Rather, it is whether County Court should require performance of an off-the-record plea agreement between counsel that it never approved. Given those circumstances, we conclude that enforcement cannot be required because it would undermine the integrity of plea negotiations and the goal of eliminating secretiveness from the plea bargaining process *(see, Benjamin S., supra,* at 120-121; *People v Frederick,* 45 NY2d 520, 526). If there was an off-the-record plea agreement reached, then it was incumbent upon defense counsel to have it placed on the record in unmistakable terms *(see, People v Frederick, supra).*

All concur except Balio and Boehm, JJ., who dissent in part and vote to modify in the following Memorandum.

Balio and Boehm, JJ. (dissenting in part). We are unable to agree that, because defendant did not actually testify at the trial of his codefendant, the purpose of his agreement with the District Attorney was not fulfilled. We, therefore, respectfully dissent.

As part of a negotiated plea bargain, defendant agreed to testify as a witness for the People at the trial of a codefendant. In return, the District Attorney promised to recommend, rather than to require, a sentence of 7½ years to life imprisonment as a condition of the plea. Immediately before the trial of the codefendant was to commence, the codefendant entered a plea of guilty. The District Attorney then insisted upon his earlier requirement of a sentence of 7½ years to life imprisonment as a condition of defendant's reduced plea. The

District Attorney did not deny that a promise had been made to defendant, but contended that it was conditioned upon defendant's testifying at the codefendant's trial, because "[t]he defendant exposes himself to far greater potential hazard, if he actually takes the stand and testifies against somebody else in the trial, that has possible consequences for him in a prison setting. That never came to pass." Defendant argued that he was placed in the same risk of danger by agreeing to be a witness for the People in the codefendant's trial. Reserving his right to appeal this issue, defendant pleaded guilty to criminal possession of a controlled substance in the second degree and was sentenced to an indeterminate term of 7½ years to life.

In our view, the court erred in refusing to determine whether defendant's actual testimony at the codefendant's trial was a specific condition of the agreement. Although the terms of a plea bargain are tested against an objective interpretation of the bargain (*People v Acosta*, 187 AD2d 329, *lv denied* 81 NY2d 881), where a defendant has so changed his position in reliance upon a promise that withdrawal of his plea will not restore him to his original position, specific performance of the promise should be had (*People v Danny G.*, 61 NY2d 169; *People v McConnell*, 49 NY2d 340).

We disagree with the majority that *Matter of Benjamin S.* (55 NY2d 116) controls the result in this case. In *Matter of Benjamin S. (supra,* at 120-121), an off-the-record plea promise was held to be unenforceable because there was no mention of the alleged promise at the plea proceeding. Here, the promise sought to be enforced by defendant does appear on the record of the plea proceeding; the only question is the objective nature of that promise, an interpretation that must be affected by the purpose of the bargain and whether that purpose was achieved. The Third Department cases of *People v Curdgel* (191 AD2d 743, *lv granted* 81 NY2d 1012) and *People v Compton* (157 AD2d 903, *lv denied* 75 NY2d 918), cited by the majority, are also inapposite. Unlike *Curdgel* and *Compton,* defendant here did not ask the court to enforce a plea agreement that did not appear on the record, but asked that the District Attorney abide by a promise that he admits making. Only the terms of that agreement are subject to interpretation. When a defendant exposes himself to danger in reliance upon a District Attorney's promise, relegating him to the hard choice of declining the plea and proceeding to trial or accepting the plea does not restore him to status quo ante. Under principles of fundamental fairness (*see, People v Danny G., supra,* at 175-176; *People v McConnell, supra,* at 348-349), we

would afford defendant the opportunity to prove the nature and purpose of the sentence promise.

The matter should be remitted to County Court to make a determination with respect to the agreement. It would be appropriate, in making that determination, for the court to ascertain whether the codefendant's plea was in any way influenced by the knowledge that defendant was prepared to testify against him. In that event, the contemplated purpose of the agreement was fulfilled and the District Attorney received the benefit intended, regardless of the fact that it was no longer necessary for defendant to testify. Viewed in that light, the District Attorney's rigid interpretation of the terms of the agreement could fairly be said to be over-reaching. A prosecutor should be held to a higher standard of dealing than that found in the market place, but even there similar agreements require enforcement *(see, Brown Bros. Elec. Contrs. v Beam Constr. Corp.,* 41 NY2d 397, 399-400). " '[A] party cannot insist upon a condition precedent, when its non-performance has been caused by himself' " *(Wagner v Derecktor,* 306 NY 386, 391).* (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Pine, J. P., Balio, Lawton, Davis and Boehm, JJ.