■ The People of the State of New York, Respondent, v Matthew Hill, Appellant. (Appeal No. 1.) [678 NYS2d 564] —Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to assault in the second degree (Penal Law § 120.05 [2]) and robbery in the first degree (Penal Law § 160.15 [3]) in full satisfaction of charges set forth in two separate indictments. By failing to move to withdraw the guilty plea to assault in the second degree or to vacate that judgment of conviction, defendant failed to preserve for our review his challenge to the factual sufficiency of his plea allocution on the assault charge (*see,* CPL 470.05 [2]; *People v Lopez,* 71 NY2d 662, 665; *People v Pellegrino,* 60 NY2d 636). We reject the contention of defendant that this is one of those "rare case" exceptions to the preservation rule (*People v Lopez, supra,* at

666). Thus, the contention that defendant's guilty plea with respect to the robbery charge should be vacated because it was conditioned upon pleading guilty to the assault charge is moot.

Defendant is not entitled to specific enforcement of the People's post-plea "offer" of concurrent terms of incarceration of 2 to 6 and 3 to 9 years. The record does not indicate that County Court approved that "offer" and, in any event, defendant did not accept that "offer" (*see, People v Simmons,* 190 AD2d 911; *cf., People v Huertas,* 203 AD2d 952, *affd* 85 NY2d 898). The court initially agreed that, if defendant appeared on the scheduled date of sentencing, it would sentence him to concurrent terms of incarceration of 2 to 6 years. Defendant failed to appear for sentencing because he had been convicted of a crime in Florida. As a result, the court sentenced defendant to terms of incarceration of 2 to 6 and 4 to 12 years and directed that the sentences run consecutively. In light of the circumstances and defendant's lengthy criminal history, we conclude that the sentence is not unduly harsh or severe. (Appeal from Judgment of Oneida County Court, Merrell, J.—Assault, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Balio and Boehm, JJ.