Lahtinen, J.
Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered December 19, 2011, convicting defendant upon his plea of guilty of the crimes of *993 criminal contempt in the first degree, aggravated harassment in the second degree and criminal contempt in the second degree.
After allegedly violating an order of protection, defendant was charged in an indictment with the crimes of criminal contempt in the first degree, aggravated harassment in the second degree and criminal contempt in the second degree. County Court gave notice of a trial date approximately three weeks in advance, and set forth in the letter that the court would not accept a plea of guilty, except to the entire indictment, less than two weeks in advance of the scheduled trial. On the morning the trial was to commence, defendant elected to plead guilty to the entire indictment, without a promise as to sentence. The court continued his release while awaiting sentencing, but warned him that if he did not appear on the appearance date, he would be sentenced to lVs to 4 years in prison. Defendant did not appear for sentencing, purportedly because of a medical condition that precluded travel. The court postponed sentencing and directed defense counsel to provide an affidavit of physical necessity for his absence at the adjourned date, but defense counsel failed to provide the affidavit. A warrant was issued and when defendant was ultimately produced, the court sentenced him to IVs to 4 years in prison on the felony count, and one year in prison on each of the misdemeanor counts, all to run concurrently. Defendant’s motion to withdraw his plea was denied and he now appeals from the judgment of conviction.
Defendant initially contends that his plea was coerced by County Court’s policy regarding plea bargains. However, defendant did not object to the parameters set forth in the court’s letter, there was no plea offered by the People during the pertinent two weeks that would have been impacted by the court’s policy, and defendant did not object to the policy at the time he pleaded to the charges. While we have indicated disfavor of “a court’s general policy of not permitting plea bargains based on circumstances unrelated to the particular defendant” (People v Compton, 157 AD2d 903, 903 [1990], lv denied 75 NY2d 918 [1990]), defendant did not preserve the issue for our review (see People v Powell, 81 AD3d 1307, 1308 [2011], lv denied 17 NY3d 799 [2011]) and, in any event, failed to show that his plea was coerced or otherwise impacted by the court’s policy (cf. People v Compton, 157 AD2d at 903-904).
Next, defendant argues that a medical condition prevented him from appearing for sentencing and he was entitled to an evidentiary hearing as to whether he willfully violated the plea under such circumstances. Here, there was no agreed-upon sentence as part of the plea and, accordingly, County Court *994 could have imposed the same sentence even if defendant had properly appeared for sentencing. Furthermore, “[t]he court was not required to conduct an evidentiary hearing to determine the veracity of defendant’s excuses” (People v Albergotti, 17 NY3d 748, 750 [2011] [emphasis added]; see People v Outley, 80 NY2d 702, 712-713 [1993]). County Court heard defendant and his counsel, reviewed medical records supplied to it and noted its own observations of defendant’s mobility. Such an inquiry was sufficient for defendant to present his excuses, which the court chose not to credit (see People v Albergotti, 17 NY3d at 750).
County Court properly confirmed that defendant’s guilty plea was knowing and voluntary (see People v Youngblood, 107 AD3d 1159, 1160 [2013], lv denied 21 NY3d 1078 [2013]; People v Ferro, 101 AD3d 1243, 1244 [2012], lv denied 20 NY3d 1098 [2013]). Although during his allocution defendant initially denied having called the victim, County Court conducted the requisite further inquiry, and after defendant consulted with his counsel, he unequivocally stated that he called the victim and that he did so for the purpose of putting the victim in reasonable fear of physical injury, with full knowledge that the order of protection was in place (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Ferro, 101 AD3d at 1244; People v Edwards, 55 AD3d 1337, 1338 [2008], lv denied 11 NY3d 924 [2009]). Defendant’s remaining contentions, including his claim that County Court abused its discretion in denying his motion to withdraw his plea, have been considered and found to be without merit.
Rose, J.E, Stein and Garry, JJ, concur. Ordered that the judgment is affirmed.