People v Smith (2025 NY Slip Op 02296)

People v Smith

2025 NY Slip Op 02296

Decided on April 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 22, 2025

Before: Webber, J.P., Friedman, González, Shulman, Rosado, JJ. 

Ind. No. 941/21|Appeal No. 4156|Case No. 2022-03388|

[*1]The People of the State of New York, Respondent,
v
Aaron Smith, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Karen Brill of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Vincent Rivellese of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Ralph A. Fabrizio, J.), rendered June 22, 2022, convicting defendant, upon his guilty plea, of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.
Defendant's arguments that his guilty plea was invalid are unpreserved because he failed to move to withdraw his plea (see People v Wray, 44 AD3d 551 [1st Dept 2007], lv denied 10 NY3d 773 [2008]). Nor did defendant contemporaneously object to the court's rulings that he challenges now. We decline to review these claims in the interest of justice.
As alternative holdings, we find that the court providently exercised its discretion in determining that there would be no further plea negotiations after commencement of the pretrial hearing (cf. People v Compton, 157 AD2d 903, 903 [3d Dept 1990], lv denied 75 NY2d 918 [1990]). The court's refusal to grant defendant a one-day adjournment to consider a plea to the minimum sentence for a violent felony, which had been available to defendant for approximately a month, did not constitute coercion to plead guilty (see People v White, 32 NY2d 393, 400 [1973]).
The indictment was not jurisdictionally defective for omitting the material element of operability. Although the text of Penal Law § 265.03(3) is silent regarding operability, it is well established that by citing the name of the statute, the People alleged all of the statutory elements, even those that are the product of a "judicial gloss" (see People v Daniels, 224 AD3d 554 [1st Dept 2024], lv denied 41 NY3d 982 [2024]; People v Luis R., 220 AD3d 549, 549-550 [1st Dept 2023], lv denied 42 NY3d 1080 [2025]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2025