SAM WISHNOW et al., Copartners Doing Business as WISHNOW & HOROWITZ REAL ESTATE Co., Appellants, v. KINGSWAY ESTATES, INC., et al., Respondents.

First Department, June 14, 1966.

*Clarence S. Barasch* for appellants.

*Morris K. Siegel* and *Vincent J. Crowe* of counsel (*Siegel & Crowe,* attorneys), for respondents.

RABIN, J. The plaintiffs are real estate brokers. The defendant corporation is the owner of an apartment building, and the defendant Mollie Greenspan is its president. This suit is brought by the plaintiffs for $25,000 as damages for the refusal of the defendants to consummate a sale of the property after the plaintiffs had produced a purchaser, ready, willing, and able, to purchase the property upon the terms fixed by the defendants. The trial court dismissed the complaint at the end of the plaintiffs' case, both as to the corporate defendant and the individual defendant. The plaintiffs appeal.

It is our opinion that while the trial court properly dismissed the complaint as against the individual defendant, it was error to do so against the corporation inasmuch as the plaintiffs established a prima facie case as against that defendant. The case, as against the corporation, should have gone to the jury.

The evidence presented on behalf of the plaintiffs is as follows: In November, 1960, Walter Green, an employee of the plaintiffs, while looking through a published directory of apartment houses and owners, noticed the subject premises located at 2425 Kings Highway, Brooklyn, New York. The premises were listed as owned by Kingsway Estates, Inc., with Mollie Greenspan as president. On January 3, 1961 Green telephoned Mrs. Greenspan who informed him that she would be interested in selling the property. On January 7, 1963 Green visited Mrs. Greenspan, who, according to Green's testimony, gave him particulars concerning the property, such as the number of apartments, garage facilities, mortgages on the premises, rent rolls, expenses of operation, etc. Mrs. Greenspan told Green that the property would be sold if $1,300,000, net of commissions, could be obtained — the purchaser to pay the commission.

Shortly thereafter Green submitted an offer in an amount less than the price requested. That offer was rejected. However, on January 11, 1963 Green informed the defendant Greenspan that he had a purchaser willing and able to pay the full price requested, and Mrs. Greenspan accepted the offer. Thereafter at Mrs. Greenspan's insistence the price was increased by $5,000, for laundry equipment. She thereupon referred Green to the attorney for the corporation for the purpose of preparing a contract. That attorney and the attorney for the prospective purchaser, after reviewing the terms of the proposed contract, set a date for its execution. On the day the contract was to

be signed, the defendants' counsel informed Horowitz, one of the plaintiffs, that Mrs. Greenspan changed her mind and did not want to have the property sold. In consequence the plaintiffs lost the commission they would have earned had the deal been consummated. The plaintiffs thus established a cause of action against the defendant corporation for damages as measured by the amount it would have received as commission from the purchaser had the defendant not cancelled the deal (*Ackman* v. *Taylor,* 185 Misc. 807, affd. 269 App. Div. 1025, affd. 296 N. Y. 597).

Although the elements of the plaintiffs' cause of action were established, the defendants claim that the plaintiffs may not recover because the brokerage contract was not approved by two thirds of the outstanding shares — such consent, they assert, being required to consummate a sale of the real property. (See Stock Corporation Law, § 20, now Business Corporation Law, § 909.). This brokerage contract was entered into in January of 1963 before section 909 of the Business Corporation Law became effective. Without determining here whether two thirds consent of the outstanding shares was indeed then required for the sale of this property (see *Eisen* v. *Post,* 3 N Y 2d 518), we hold that such consent was not necessary for the employment of these plaintiffs. As was stated in *St. John* v. *Fulton Market Realty Corp.* (248 N. Y. 636, 637): '' the apparent authority of the president of the corporation to employ a broker to sell real property is not dependent upon the existence of authority on his part to enter into a binding contract for the sale thereof.'' (See, also, *Twyeffort* v. *Unexcelled Mfg. Co.,* 263 N. Y. 6.)

It is also contended that defendant Mrs. Greenspan did not have authority, actual, implied or apparent, to act on behalf of the corporation in hiring the plaintiffs. The testimony revealed that Mrs. Greenspan was the president of the corporation (listed as such in a real estate directory); that she responded to plaintiffs' solicitation and if plaintiffs' testimony is believed, was sufficiently familiar with the operations of the property to provide Green with detailed particulars concerning it. The plaintiffs further testified that it was she who ordered the withdrawal from the deal. In view of the evidence presented, whether Greenspan did or did not have actual or apparent authority, was a question of fact for the jury to decide upon proper instructions to be given by the court. Consequently, it was error to dismiss the complaint at the end of the plaintiffs' case as against the corporate defendant.

We feel, however, that the complaint was properly dismissed as against the individual defendant. The testimony shows that

the plaintiffs were quite aware that the property was owned by the corporation and that Mollie Greenspan was acting solely on behalf of the corporation, and not on her own behalf. Mrs. Greenspan represented a disclosed principal and there is nothing to indicate that she agreed to be personally liable on the transaction involved. Consequently, no cause of action exists as against her. (2 N. Y. Jur., Agency, § 277.)

Accordingly, the judgment dated June 4, 1965, dismissing the complaint, should be modified on the law to the extent of reversing the dismissal as against Kingsway Estates, Inc., and ordering a new trial, with costs and disbursements to plaintiffs to abide the event, and the judgment should otherwise be affirmed, with costs and disbursements to the defendant Mollie Greenspan.

Breitel, J. P., McNally and Capozzoli, JJ., concur.

Judgment unanimously modified on the law to the extent of reversing the dismissal as against Kingsway Estates, Inc., and ordering a new trial, with costs and disbursements to plaintiffs to abide the event, and the judgment is otherwise affirmed, with costs and disbursements to the defendant Mollie Greenspan. Settle order on notice.