■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSE GARCIA, Appellant.—Judgment of the Supreme Court, New York County (Daniel FitzGerald, J.), rendered on or about September 25, 1987, convicting defendant, upon her plea of guilty, of attempted criminal possession of a controlled substance in the second degree and sentencing her to an indeterminate term of imprisonment of from three years to life, is unanimously affirmed.

There is nothing in the language of Penal Law § 65.00 (1) (b) which requires the People to establish the means for a defendant to furnish assistance in an investigation of a drug felony, nor did the terms of the plea bargain between the parties herein compel the prosecution to utilize defendant's services

even if offered by her. Penal Law § 65.00 (1) (b) simply authorizes a probationary sentence "if the prosecutor either orally on the record or in a writing filed with the indictment recommends that the court sentence such person to a period of probation upon the ground that such person has or is providing material assistance in the investigation, apprehension or prosecution of any person" for a specified felony or the attempt or the conspiracy to commit such a felony and the court believes the following:

"(i) Institutional confinement of the defendant is not necessary for the protection of the public;

"(ii) The defendant is in need of guidance, training or other assistance which, in his case, can be effectively administered through probation supervision;

"(iii) The defendant has or is providing material assistance in the investigation, apprehension or prosecution of a person for a felony defined in article two hundred twenty or the attempt or conspiracy to commit any such felony; and

"(iv) Such disposition is not inconsistent with the ends of justice."

Defendant, however, would remove the matter from the Judge's purview, effectively undermining the function of the trial court in rendering the foregoing findings. Thus, the purported bargain would itself now be the basis for the imposition of a sentence of probation. Similarly, although the statute mandates "the concurrence of either the administrative judge of the court or of the judicial district within which the court is situated or such administrative judge as the presiding justice of the appropriate appellate division shall designate", this latter requirement would also be dispensed with or at least that would be the result of adopting defendant's position. Yet, the clear and unambiguous words of the statute may not be ignored in the interest of enforcing a plea arrangement which in no way commits the prosecution to taking any action to facilitate or otherwise accept defendant's offer of assistance. Even if the People had agreed to set up a "sting" or other operation so that defendant could provide material aid in connection with a drug investigation, the imposition of the alternative sentence of probation would still be contingent upon the approval of the Administrative Judge and the trial court.

Accordingly, the People may, at most, recommend a sentence of probation, and "a defendant cannot automatically avail himself of the provisions of section 65.00 (subd 1, par [b])

even by cooperating with the police and other prosecutorial authorities" *(People v Eason,* 40 NY2d 297, 302). The statute delegates to the prosecutor the exclusive power to determine whether material assistance has been given, and the People were not obliged to do anything either by the provisions of the statute or by the terms of the plea bargain pursuant to which defendant was to receive a mandatory minimum sentence of three years to life unless the prosecutor found that she had rendered material assistance to law enforcement, in which event a sentence of lifetime probation would be recommended. The People assert, and, in fact, defendant does not deny, that no material assistance was ever furnished. Consequently, defendant was appropriately sentenced in accordance with the terms of the plea bargain. Concur—Kupferman, J. P., Carro, Milonas, Wallach and Smith, JJ.