■ LEE ODELL REAL ESTATE, INC., Respondent, v CHARLES FITZGERALD, Appellant.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about December 5, 1990, which confirmed the report of the Judicial Hearing Officer (Dennis Edwards, Jr.) finding that defendant-seller of real property knowingly blocked its sale and thereby deprived plaintiff-broker of its $40,000 commission, denied defendant's motion to dismiss the complaint, and granted plaintiff's cross-motion for summary judgment, is unanimously affirmed, with costs.

Defendant signed a contract, dated March 18, 1986, whereby he, as president of the property's purported record owner, 33 St. Marks Place, Inc., agreed to convey the property at 33 St. Marks Place to one Jacob Horowitz, a buyer procured by plaintiff-broker. In fact, defendant owned the property individually and outright by deed dated June 11, 1985. This deed was not recorded until October 1987, some two years after defendant purchased it.

The buyer signed the contract dated March 18, 1986 and put down a $30,000 downpayment. It was agreed by the parties that the buyer would pay plaintiff's commission at the time the buyer "takes title" to the property. Shortly thereafter, in late March 1986, defendant reneged on the contract, claiming that a co-shareholder in 33 St. Marks Place, Inc. had refused to consent to the sale. Subsequently, in or about November 1986, the buyer commenced an action for specific performance, which was settled by defendant with the payment of $35,000 to the buyer, over and above the $30,000 downpayment that had already been returned to him. The buyer allegedly rejected offers by defendant made during settlement negotiations to sell him the property.

Defendant argues the court erred in awarding plaintiff the $40,000 commission where the record shows that plaintiff failed to procure a ready, willing and able purchaser, and that there was no meeting of the minds between the alleged buyer and seller to an agreement for the sale of 33 St. Marks Place. To the contrary, the record discloses a contract for sale of 33 St. Marks Place, procured by plaintiff and signed by both parties, pursuant to which a $30,000 downpayment was made by the buyer and accepted, initially, by defendant. Under

these facts, plaintiff had fully performed its obligation to find a ready, willing and able purchaser, and, but for defendant's intervening fraudulent conduct which effectively blocked the sale, plaintiff would have received its commission *(see, Wishnow v Kingsway Estates,* 26 AD2d 61).

Defendant's argument that the contract was null and void because the parties were mutually mistaken as to the true owner of the property is without merit. Defendant cannot claim that 33 St. Marks Place, Inc. was ignorant of his sole ownership of 33 St. Marks Place when it was defendant himself, as that corporation's president, who signed the contract of sale on the corporation's behalf. In any event, defendant, as the true owner of the property, had the power to convey it, but instead chose to renege on the deal.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Kupferman and Asch, JJ.