■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR LOPEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.),

rendered August 31, 1990, convicting him of sodomy in the first degree (six counts), sexual abuse in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the pretrial proceedings, the prosecutor made an application to introduce expert testimony on child abuse accommodation syndrome. The court reserved decision until after hearing the child's testimony during the trial. After the child testified, the prosecutor again applied to admit the expert testimony, in order to explain the child's lack of an immediate outcry and lack of emotion while testifying about the abuse. The court held that such expert testimony would be admissible. At this point, the court noted that the expert would not be available until the next day. In order to avoid a delay, the court suggested that the expert be called on rebuttal. The court assured the prosecutor that it would not later change its ruling and preclude the testimony. The defense counsel did not object to the court's suggestion that the testimony be introduced during rebuttal.

We find that the court properly admitted the expert testimony about child abuse accommodation syndrome *(see, Matter of Nicole V.,* 71 NY2d 112, 120-122; *People v Keindl,* 68 NY2d 410; *People v Mendez,* 133 AD2d 351). The testimony neither bolstered the complainant's testimony nor usurped the jury's fact-finding responsibility *(see, People v Parks,* 41 NY2d 36, 47-49). As to the defendant's additional objection that such testimony had to be introduced during the People's direct case, this claim has not been preserved for appellate review. In any event, by suggesting that the prosecutor introduce the testimony on rebuttal, the court avoided delay and in no way prejudiced the defendant. Thus, it cannot be said that the court improvidently exercised its discretion in admitting the expert testimony during rebuttal *(see,* CPL 260.30 [7]; *People v Harris,* 57 NY2d 335, 345, *cert denied* 460 US 1047; *People v O'Dell,* 111 AD2d 937; *People v Sterling,* 95 AD2d 927, 928).

In addition, the court properly allowed the prosecutor to introduce, on rebuttal, testimony from another expert that the child had suffered a laxity of the anal sphincter, which could have been caused by repeated forceful penetration. Such testimony was relevant once the defendant introduced hospital records that purportedly showed that the child had not sustained any physical injury *(see, People v Harris,* 57 NY2d 335, 345, *cert denied* 460 US 1047, *supra; People v Ortiz,* 133 AD2d 853).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are meritless *(see, People v Holt,* 67 NY2d 819; *Baccio v People,* 41 NY 265; *People v Ranum,* 122 AD2d 959, 961; *see also, People v Nuccie,* 57 NY2d 818, 819-820; *People v Galloway,* 54 NY2d 396, 399-400; *People v Medina,* 53 NY2d 951, 953). Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.