■ CHRISTIAN, PODLESKA, AND VAN MUSSCHENBROEK, LTD., et al., Respondents, v GOLDMAN, SACHS & Co. et al., Appellants. [609 NYS2d 892] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered August 11, 1993, which denied defendants' motion for summary judgment, unanimously reversed, on the law, with costs, defendants' motion is granted, and the complaint is dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint, with costs.

Defendant Goldman, Sachs & Co. ("Goldman") is engaged in commodities and precious metals trading. Prior to June of 1986 the principals of the corporate plaintiffs (hereafter collectively "CPM") provided in-house research services to Goldman, primarily their creation of a precious metals data base containing information and statistics compiled by the researchers from printed materials and other sources. Information contained in the data base was used by Goldman personnel to obtain updated information on particular precious metals, for purposes of trading and for preparation of reports and market projections.

In June of 1986 Goldman decided to disband its in-house precious metals research department. To continue its access to information contained in the data base, Goldman entered into a series of agreements by which CPM was to "develop and maintain a data base similar to that which its members developed and maintained in the past for Goldman Sachs." To facilitate this new data base CPM was granted access to the existing data base, which was to be updated and revised. CPM was granted the right to use the existing and new data bases in connection with its consulting services for clients other than Goldman, and both parties were to have joint ownership of the existing and currently developed data bases at the expiration of the agreements.

Under a clause entitled "Library and Research Files," CPM was to "have access to and use of the [Goldman] commodities research files and library, to facilitate the research and consultancy work CPM shall be conducting for [Goldman]." At some point during the 1987-88 agreement Goldman determined, for space reasons, to combine the materials in its library and research files with those in its general library, housed elsewhere. The library and research files were separated into three groups: materials that Goldman would retain for its general library, materials that defendant Suskind (a Goldman partner) would keep in his office, and materials that Goldman did not need but believed plaintiff Christian might want for his files. The remaining materials were discarded.

CPM commenced suit against Goldman for dismantling and discarding in part its library and research files, alleging that pursuant to the contracts Goldman could not discard any library or research material without CPM's permission, and that Goldman was obligated to maintain its library and research files for CPM's use "even after the expiration of any agreement between the parties." Goldman moved for summary judgment dismissing the complaint on the ground that the unambiguous contracts did not create the legal obligation claimed by CPM. We agree.

We conclude that the contracts permit no rational construction whereby the term "data base" could be deemed to include all of Goldman's library and research files, as alleged by the plaintiffs. The two entities are treated entirely separately by the agreements. CPM was permitted to use the existing and new data bases in connection with any of its consulting activities, including servicing clients other than Goldman. CPM was also granted post-contract use of the data bases. By contrast, CPM was to have access to Goldman's commodities research files and library "to facilitate the research and consultancy work CPM shall be conducting for [Goldman]." There is no other clause directly or even impliedly granting CPM the right to determine the content, disposition or any other proprietary interest in Goldman's library and research files either during or after the expiration of the agreements.

"Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (*W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162). As noted above we find no ambiguity that would permit a construction whereby Goldman's library and research files would be deemed included as part of the data base that CPM was to develop and maintain pursuant to the agreements, and thus parol evidence that this was the under-

standing of plaintiff Christian is inadmissible. As there is no issue of fact requiring a trial on that issue, defendants' motion for summary judgment should have been granted. Concur—Sullivan, J. P., Carro, Wallach and Tom, JJ.