OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the defendant who is charged with six class A-I and three class B drug-related felonies, pursuant to CPL 710.20 (3), to suppress oral statements concerning his drug activities made to prosecutors and police during the time he was operating under a cooperation agreement,* upon the ground that it became impossible for him to perform the conditions of that agreement, thereby precluding the admission of such statements.
The prosecutor seeks to utilize the admissions of the defendant for the purpose of impeachment and/or rebuttal. He argues that the defendant reneged on the cooperation agreement, but even if the agreement became impossible to perform, the plain language of the agreement permits the use at trial that he intends. The defendant responds that the claimed inability of the defendant to perform invalidates the entire agreement, including the terminology relating to the use of the defendant’s statements in the event of nonperformance.
Paragraph 5 of the agreement, insofar as it is applicable, provides as follows: "Any claim of impossibility of performance will void this agreement * * * except that the express waiver called for in Paragraph 9 will not be voided.”
Paragraph 9, insofar as applicable, provides as follows: "If at a future time defendant reneges on his promise to cooperate * * * any statements made by defendant * * * may not be used against him on the People’s direct case * * * [T]hey may be used for impeachment purposes. Further, any evidence derived from defendant’s statements may be used for any evidentiary purpose by the prosecutor.”
Paragraph 11, insofar as applicable, provides as follows: "Defendant agrees that any statements * * * will not be used *936 as direct evidence * * * However, any statements can be used on cross-examination should the defendant testify at trial contrary to previous statements.”
The argument of the defendant that the alleged impossibility of performance invalidates the entire cooperation agreement, including the reference to the use of the defendant’s statements, can be disposed of summarily. Paragraph 5 specifically states that the avoidance of the agreement because of the claimed impossibility of performance does not void the waiver relating to the defendant’s statements contained in paragraph 9. Paragraph 5 is completely unambiguous and plainly manifests the intention of the parties that the waiver in paragraph 9 survives the termination of the contract because of claimed impossibility (see, W. W. W. Assocs. v Giancontieri, 77 NY2d 157; Christian, Podleska, & Van Musschenbroek v Goldman, Sachs & Co., 203 AD2d 9, lv dismissed 85 NY2d 830).
Before discussing the relationship between paragraphs 5, 9 and 11, it should be noted that there is a distinction between the word "impeachment”, referred to in paragraph 9, and "rebuttal”, not specifically referred to in that paragraph (see, People v Moore, 159 Misc 2d 501). A defendant’s testimony may be "impeached” by cross-examination on the basis of a prior statement which was inconsistent with his direct testimony (see, People v Wise, 46 NY2d 321; People v Jones, 207 AD2d 745, lv denied 85 NY2d 863). "Rebuttal” consists of evidence offered by the prosecutor after both sides have rested in denial of some affirmative fact asserted by the defense on its case (see, People v Harris, 57 NY2d 335, cert denied 460 US 1047; People v Jansen, 174 AD2d 968, lv denied 78 NY2d 955).
Here, the sentence in paragraph 9 stating that "any evidence derived from the defendant’s statements may be used for any evidentiary purpose” would encompass rebuttal, since rebuttal is a form of evidence (see, People v Lopez, 187 AD2d 533, lv denied 81 NY2d 843), and technical words are to be given their generally accepted technical meaning (HNC Realty Co. v Bay View Towers Apts., 64 AD2d 417).
As has been indicated, paragraph 5 employs the term "impossibility of performance” and paragraph 9 uses the term "reneges on his promise to cooperate.” The first implies a failure to comply due to circumstances beyond one’s control (see, Inter-Power of N. Y. v Niagara Mohawk Power Corp., 208 AD2d 1073), and the latter connotes a deliberate failure to *937 comply although able to do so (see, Odell Real Estate v Fitzgerald, 177 AD2d 360). Thus, these terms are mutually exclusive. If the defendant claims impossibility of performance, and this is true, he has not reneged. However, if he claims impossibility of performance, and this is not true, he has reneged.
These two paragraphs thereby generate these questions: Does a mere claim of impossibility as referred to in paragraph 5 trigger paragraph 9 so as to authorize the prosecutor to use the defendant’s statements for impeachment and/or rebuttal, regardless of actual impossibility? Or does this claim of impossibility activate paragraph 9 which authorizes the prosecutor to use the statements for those purposes only if the defendant reneges, the antithesis of actual impossibility? Because paragraph 5, incorporating paragraph 9, may be parsed in two different ways, it is ambiguous on its face (Delaware Otsego Corp. v Niagara Fire Ins. Co., 192 AD2d 911, lv dismissed 82 NY2d 705).
The ambiguity manifested in paragraphs 5 and 9 is compounded by paragraph 11, because in contrast to those two paragraphs, paragraph 11 imposes no restriction on the use of the defendant’s statements for impeachment (it is silent on rebuttal). This inconsistency results in a third question: Does this paragraph authorize the prosecutor to use the defendant’s statements for impeachment regardless of whether there existed actual impossibility, and consequently no reneging? Since this is a third possible interpretation, again there is facial ambiguity (Delaware Otsego Corp. v Niagara Fire Ins. Co., supra).
Since the cooperation agreement, which is a contract (see, People v Garcia, 163 AD2d 218, lv denied 77 NY2d 838; People v Tobler, 91 Misc 2d 69) on its face is reasonably susceptible of more than one interpretation (see, Chimart Assocs. v Paul, 66 NY2d 570), the rules relating to the construction of contracts should be invoked (see, Central Union Trust Co. v Trimble, 255 NY 88; Matter of Balsam, 58 Misc 2d 672).
The first rule is that interpretation of a contract is favored which will make every part of it effective (Bed N’ Bath v Spring Val. Partnership, 185 AD2d 584; 22 NY Jur 2d, Contracts, § 221, and cases cited therein); the second is that where there is an apparent repugnancy between two clauses of a contract, the court has the duty to reconcile them, if possible (Hudson-Port Ewen Assocs. v Chien Kuo, 165 AD2d 301, affd *938 78 NY2d 944; 22 NY Jur 2d, Contracts, § 222, and cases cited therein); the third is that where there are general and specific provisions relating to the same matter, the special provisions control, even if there is an inconsistency (Matter of Lewiston-Porter Cent. School Dist. v Sobol, 154 AD2d 777, lv dismissed 75 NY2d 978; 22 NY Jur 2d, Contracts, § 223, and cases cited therein); and the fourth is that in the event of ambiguity as to the meaning of terms, the language must be construed most strongly against the party who prepared it (Herbil Holding Co. v Commonwealth Land Tit. Ins. Co., 183 AD2d 219; 22 NY Jur 2d, Contracts, § 228, and cases cited therein).
Compliance with these four rules dictates that paragraphs 5, 9 and 11 be interpreted to mean that if the defendant claims that it is impossible for him to satisfy the conditions of the cooperation agreement required of him, in order for the prosecutor to utilize the defendant’s statements for the purpose of impeachment and/or rebuttal, he must demonstrate that the defendant reneged on his promises in that agreement, which concomitantly negatives the claim of impossibility.
Such interpretation comports with the dictates of these rules, because it gives effect to the three paragraphs in question; it reconciles the repugnancy between the three paragraphs; it makes the specific paragraph, paragraph 9, control the other two general paragraphs, and it construes the ambiguous paragraphs against the prosecutor who drafted the agreement.
Accordingly, before a determination can be made as to whether the defendant’s statements are admissible because he allegedly reneged, a hearing must be conducted. At such hearing the defendant will bear the burden of proof, but the People must go forward in the first instance (see, People v Olmo, 173 AD2d 221).

 The defendant agreed to arrange for three prosecutable purchases of one kilogram or more of cocaine and forfeit drug proceeds consisting of cash and two motor vehicles in return for a sentence recommendation upon a guilty plea to one class A-I drug felony of three years to life incarceration.