■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD C. TICE, JR., Appellant.—Mikoll, J. Appeal from a

judgment of the County Court of Ulster County (Vogt, J.), rendered September 8, 1986, upon a verdict convicting defendant of the crimes of sodomy in the first degree and sexual abuse in the first degree.

Defendant was convicted of sodomy in the first degree and sexual abuse in the first degree committed on his 10-year-old stepdaughter during the period of March 25, 1985 to December 31, 1985. Two counts of the indictment relating to offenses purportedly committed on March 8, 1986 were dismissed at the end of the People's case after the child testified that no further acts occurred in 1986. Defendant raises the following issues on this appeal: (1) was County Court's denial of his motion to suppress proper, (2) was the admission into evidence of defendant's statement admitting subsequent sexual conduct with the victim error, (3) was the indictment facially valid, (4) was the evidence presented at trial sufficient to support the jury's verdict, and (5) was the sentence imposed legal?

Regarding defendant's challenge to the denial of his motion to suppress the statement given by him to State Police Investigator David Goggin as involuntary, we note that the record discloses that defendant came to the station house voluntarily, his wife and child accompanied him there, he acknowledged that he knew he was free to leave at any time, his questioning was not of long duration, and the interrogation was neither threatening nor oppressive. Defendant contends that reversible error was committed when Goggin used a ploy to precipitate defendant's confession, namely, when he said "look, nobody is talking about jail here. We are talking about professional help for the people who are involved." Defendant urges that this assurance made him fabricate a confession so as to secure help for the child and the others involved. We agree with County Court that the statement, ingenuous as it was, did not create a risk that defendant might falsely incriminate himself. The facts adduced at the suppression hearing support the finding that defendant's statement was freely and voluntarily made.

Defendant's further contention that he was not given his *Miranda* rights before his interrogation by Goggin merely raises a factual issue. His contention in that regard is at odds with that of the police. The resolution of credibility is best left to the trial court and should not be disturbed particularly where, as here, defendant's signed statement acknowledges the receipt of his *Miranda* rights *(see, e.g., People v Smith,* 104 AD2d 682, 684).

As to defendant's challenge to the admission of those por-

tions of his statement bearing admission of sexual crimes committed on the victim subsequent to the dates specified in the indictment as unduly prejudicial, we note that these were admitted into evidence by County Court for the purpose of showing "mutual disposition" of the parties. Defendant contends that this constituted reversible error pursuant to *People v Lewis* (69 NY2d 321). In *Lewis,* the Court of Appeals reiterated that the "amorous exception" rule is still extant where the proof of prior uncharged crimes is relevant to establish some element of the crime charged, or is necessary to resolve an ambiguity or has a " 'natural tendency to corroborate or supplement' " the victim's testimony *(supra,* at 326, quoting *People v Thompson,* 212 NY 249, 251). We note that the statement in issue came not from the victim but from defendant. It was thus not admitted as evidence bolstering the victim's testimony. It described events similar to those charged in the indictment and so close in time and circumstances as to make the victim's testimony more credible and worthy of belief. Additionally, the sexual abuse crime involved here requires proof of specific intent in contrast to the general intent crime charged in *Lewis,* which fact weighed in the decision as to its admissibility in *Lewis.* Defendant's statement is both relevant and probative. We hold that it was properly admitted.

Defendant's attack on the facial validity of the indictment is not preserved for our review. Defendant, citing *People v Keindl* (68 NY2d 410), contends that the indictment fails to specify the dates of the crimes with sufficient particularity as required by CPL 200.50 (6) and that the indictment contains multiplicitous counts in violation of CPL 200.30 (1). Defendant has failed to timely preserve a challenge to the indictment. The appropriate vehicle would have been a pretrial motion to dismiss the indictment pursuant to CPL 210.20 and 210.25. Accordingly, we hold that defendant's challenge is untimely.

Defendant's attack on the jury's verdict is also without merit. Viewing the evidence, as we must, most favorably to the People *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we hold that the record discloses sufficient evidence to support the verdict.

Defendant was sentenced to an indeterminate prison term of 3 to 12 years for the sodomy conviction and 2 to 6 years for the sexual abuse conviction, to run concurrently. The People concede that the 3-to-12-year sentence is unauthorized because the minimum period of imprisonment pursuant to Penal Law § 70.02 (4) requires that it be one third of the maximum,

rather than the one quarter set by County Court. It being unclear what the court intended in sentencing defendant, the matter should be remitted for resentencing.

Judgment modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Ulster County for resentencing; and, as so modified, affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.