■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID E. EDKIN, Appellant. [621 NYS2d 395] —Mikoll, J. P. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered August 27, 1993, upon a verdict convicting defendant of the crimes of rape in the third degree and endangering the welfare of a child.

In April 1993, defendant was indicted for rape in the third degree, sodomy in the third degree and endangering the

welfare of a child. The charges stemmed from allegations that defendant, who is the brother of the victim's stepfather, *inter alia,* engaged in sexual intercourse and deviate sexual intercourse with the victim, who was 14 years old at the time. In her statement to the police, the victim set forth that one particular incident of sexual intercourse took place during the first week of March 1993 in the early morning hours of an overnight visit to defendant's apartment and that defendant's girlfriend was in the next room at the time. Count one of the indictment charged defendant with committing rape in the third degree by engaging in sexual intercourse with the victim during the first week of March 1993. County Court dismissed the count charging sodomy in the third degree and the jury found defendant guilty of rape in the third degree and endangering the welfare of a child. He was sentenced to concurrent prison terms of 1 to 4 years and one year, respectively.

Defendant contends on this appeal that the bill of particulars relating to the rape charge was lacking in specificity in that it failed to disclose the time and manner of his conduct, thus impeding his ability to present an alibi defense. This argument distills to an attack on the sufficiency of the indictment. Having failed to move to dismiss the indictment for lack of specificity which prevented him from presenting an effective defense *(see,* CPL 200.20, 210.20, 210.25), such argument has been waived for review on appeal *(see, People v Tice,* 147 AD2d 776, 778, *lv denied* 74 NY2d 748). Moreover, time is not a material element of the crime in this case and so long as defendant was afforded sufficient specificity by the indictment and bill of particulars to adequately prepare a defense, the indictment may allege the time in approximate terms *(see, People v Owens,* 63 NY2d 824). We note that defendant was able to and did interpose an alibi defense. We find that the People met the requirement of adequate notice *(see, People v Beauchamp,* 74 NY2d 639, 641).

Defendant next challenges as improper the People's failure to turn over the victim's police statement, which defendant characterizes as *Brady* material, until after jury selection. We note preliminarily that the victim's statement was not *Brady* material in that it was not exculpatory. In any event, defendant had a full and adequate opportunity to use the document to cross-examine the victim and no prejudice accrued to him.

Defendant further contends that the victim's testimony was incredible as a matter of law and legally insufficient. We disagree. The evidence discloses that the victim, who related repeated sexual offenses against her, had difficulty remember-

ing dates and times of day when the events occurred. The evaluation of her credibility is a question of fact for jury resolution (see, People v Wagner, 178 AD2d 679). The jury found her testimony as to the underlying acts believable. We will not disturb such finding as it is supported by the evidence in the record.

Defendant also alleges abuse of discretion by County Court in disallowing his counsel's request to recall the victim for additional cross-examination. We disagree. County Court has broad discretionary power to control the case before it (see, Feldsberg v Nitschke, 49 NY2d 636, 644). We find no abuse in the exercise of that discretion herein. In any event, defense counsel was allowed to call the victim as a witness during defendant's case and ask her additional questions.

Defendant's final contention relates to County Court's admission of testimony of three witnesses concerning statements made by defendant some time before the events referred to in the indictment as to the nutritional value of oral sex. Defendant claims that this testimony was inflammatory and prejudicial. The victim had testified to such a statement made by defendant to her. County Court found the other witnesses' testimony "to be material in a sense of showing a frame of mind of defendant" and found that the usage of similar language to the victim such as is not used in everyday parlance was material and relevant. County Court has discretionary power in determining relevance. This testimony related to the sodomy count which charged defendant with deviate sexual intercourse. Defendant denied making this kind of statement to anybody. The testimony of the witnesses, particularly the one called on rebuttal, thus became relevant as to the credibility of the victim (see, People v Tice, 147 AD2d 776, 778, supra). The credibility of witnesses is always a relevant issue during a trial.

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.