■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN C. ACKLEY, Appellant. [652 NYS2d 642] —Carpinello, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered May 5, 1995, upon a verdict convicting defendant of the crimes of rape in the first degree, sexual abuse in the first degree and rape in the third degree.

Defendant was convicted of rape in the first degree, sexual abuse in the first degree and rape in the third degree. Defendant and the victim, his 14-year-old cousin, both attended a family picnic on July 4, 1993 in the Town of Vestal, Broome County. The victim went to her grandfather's trailer to change out of her wet swimsuit and into dry clothes. Defendant went to the trailer to watch her change, hoping to see her nude. He entered the trailer, forcibly pushed her onto a couch and allegedly fondled and raped her. The incident did not come to the attention of the victim's mother until April 1994. The victim's mother reported the incident to the police, who began an investigation. After defendant made incriminating statements to the police, he was arrested. Defendant was convicted after a jury trial and he now appeals.

Defendant argues that County Court erred in failing to render a decision at the close of the suppression hearing. Initially, as counsel failed to object to this conduct, either before or during trial, this issue is not preserved for our review (*see, People v Terry,* 148 AD2d 478, 478-479, *lv denied* 73 NY2d 1022) and we decline to reverse in the interest of justice (*see,* CPL 470.15 [6] [a]). In any event, it is clearly without merit in light of the fact that there was no formal suppression motion before the court. Rather, County Court scheduled a hearing *sua sponte* after being informed by the People that they intended to introduce oral and written statements made by defendant to investigators. Indeed, at the close of the hearing, defense counsel wrote a letter to the court stating that he had not found "*any applicable case law or precedent* which would allow for the suppression of [defendant's] prior statements * * *. As such, [defendant] *takes no position in this regard*" (emphasis supplied). Because there was no pending suppression

motion before it, County Court did not err in failing to issue a written decision (*see, People v Huntley*, 15 NY2d 72, 78).

Defendant also argues that the prosecutor acted improperly in eliciting privileged attorney-client information from defendant during cross-examination. The prosecutor was permitted, over a general objection, to question defendant about instructions he had been given by defense counsel before participating in a psychological stress evaluation (hereinafter PSE). On redirect examination, defense counsel elicited testimony from defendant that defense counsel had never instructed him to lie and that defendant had revealed certain details to defense counsel only recently. On recross-examination, defendant reiterated that he had lied to defense counsel.

The attorney-client privilege, codified in CPLR 4503 (a), "enables one seeking legal advice to communicate with counsel for this purpose secure in the knowledge that the contents of the exchange will not later be revealed against the client's wishes" (*People v Osorio*, 75 NY2d 80, 84; *see, Matter of Jacqueline F.*, 47 NY2d 215, 218-219). A defendant who takes the stand in his or her own defense may not be cross-examined concerning statements to his or her attorney (*see, People v Wilkins*, 65 NY2d 172, 179; *People v Glenn*, 52 NY2d 880, 881; *People v Ali*, 146 AD2d 636, 637). We agree with defendant that the advice he was given by his attorney regarding his behavior during the PSE clearly fell within the scope of the attorney-client privilege. It was therefore error for the prosecutor to attempt to elicit this information on cross-examination.

We conclude, however, that this error is harmless, as there is no "significant probability * * * that the jury would have acquitted the defendant" if this error had not occurred (*People v Crimmins*, 36 NY2d 230, 242). The evidence against defendant was compelling. Not only did the victim testify about the events in question, but defendant himself admitted that he had gone to the trailer to watch the victim undress because he had a sexual interest in her, entered the trailer, forcefully pushed the victim onto a couch and landed on top of her. Defendant freely admitted to having lied to two investigators and the victim's mother about the incident and stated that he lied whenever it was in his own self-interest. Based upon the damaging nature of defendant's own testimony, we find any error in this case to be harmless (*cf., People v Glenn, supra*, at 881).

Finally, defendant claims that defense counsel was ineffective. We disagree. Defendant argues that defense counsel was deficient in permitting the prosecutor to elicit attorney-client

information and then compounding that error with questioning of his own. Our review of the transcript suggests that defense counsel was attempting to contrast defendant's earlier lack of honesty with his forthrightness at trial in an effort to bolster his credibility. That such a strategy did not prove effective does not constitute evidence of ineffective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 146-147; *see also, People v Noble*, 209 AD2d 735, 736, *lv denied* 84 NY2d 1036). Our review of the record as a whole demonstrates that defense counsel gave strong opening and closing arguments, called numerous witnesses on defendant's behalf, aggressively cross-examined prosecution witnesses and, in short, did the best he could given the strength of the People's case against defendant (*see, People v Parker*, 220 AD2d 815, 816-817, *lv denied* 87 NY2d 1023; *People v Beaudoin*, 198 AD2d 610, 612, *lv denied* 82 NY2d 922).

Mercure, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.