**David EDKIN, Petitioner,**

v.

**Brian D. TRAVIS, Chairman, NYS Division of Parole, Respondent,**

and

**James T. Hayden, Intervenor.**

No. 96–CV–6247L.

United States District Court, W.D. New York.

July 1, 1997.

David Edkin, Elmira, NY, pro se.

James T. Hayden, Elmria, NY, for Brian D. Travis.

*DECISION AND ORDER*

LARIMER, Chief Judge.

Petitioner, David Edkin ("Edkin"), filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Edkin claims that his convictions for rape and endangering the welfare of a child were obtained in violation of his constitutional rights. For the reasons that follow, Edkin's petition is dismissed.

## BACKGROUND

On August 27, 1993, after a jury trial in Chemung County Court, Edkin was convicted of rape in the third degree and endangering the welfare of a child. Edkin received concurrent sentences of one to four years on the rape charge and one year on the endangerment charge.

■ The Appellate Division, Third Department, affirmed the convictions on December 29, 1994. *People v. Edkin*, 210 A.D.2d 808, 621 N.Y.S.2d 395 (3d Dep't 1994). On April 13, 1995, the New York State Court of Appeals denied leave to appeal. *People v. Edkin*, 85 N.Y.2d 937, 627 N.Y.S.2d 999, 651 N.E.2d 924 (1995). Edkin filed the instant habeas corpus petition on April 26, 1996. Subsequently, Edkin was released on parole. This Court retains jurisdiction over Edkin's habeas corpus petition because he satisfied the "in custody" requirement at the time the petition was filed. *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir.1994).

In his petition, Edkin argues that he "was denied Due Process and Equal Protection of Law when the fundamental right to a Fair Trial was abrogated as a direct result of the cumulative effect of multiple errors occurring before, at and during the trial." Habeas Corpus Petition at 5. Specifically, Edkin claims: (1) the prosecution failed to disclose certain particulars of the offense charged in the first count of the indictment, thereby denying Edkin a fair trial; (2) the prosecution withheld *Brady* material by not disclosing the completely contradictory versions of the alleged rape; (3) the victim's testimony at trial regarding the alleged rape constituted a complete change in the prosecution's theory of the case; (4) the victim's trial testimony was incredible as a matter of law; (5) the trial court abused its discretion when it did not allow defense counsel to recall the victim for additional cross-examination; and (6) the trial court committed reversible error in permitting several witnesses to testify about prejudicial statements Edkin made to them, which were admitted to show Edkin's state of the mind.

Edkin also advanced these six arguments in his state court appeals. Respondent maintains, however, that Edkin failed to alert the state courts to the federal nature of his claims, and, therefore, his petition should be dismissed.

## DISCUSSION

### A. Exhaustion of Remedies

■ A court may not review an application for a writ of habeas corpus unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To fulfill this exhaustion requirement, the petitioner must have fairly presented the substance of all of his federal constitutional claims to the highest state court. *Levine v. Commissioner of Correctional Servs.*, 44 F.3d 121, 124 (2d Cir.1995). Essentially, the state court must have been aware that the petitioner was raising federal constitutional claims and must have been apprised of both the factual and legal bases of those claims. *Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir.1991).

"[T]he ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *Daye v. Attorney General*, 696 F.2d 186, 194 (2d Cir. 1982).

In the instant case, I find that Edkin exhausted his available state court remedies only in regard to his *Brady* claim. Edkin's mere mention of the term *Brady*, in reference to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)—a pertinent federal case employing constitutional analysis—was sufficient to alert the state court to the federal constitutional nature of this claim. *See Brown v. Williams*, 820 F.Supp. 64, 68 (W.D.N.Y.1993).

Edkin, however, has not exhausted his five remaining claims. Edkin never fairly presented the federal constitutional nature of these claims to the state courts. In support of his appeal, Edkin, who was represented by counsel, neither relied on nor cited *any* federal or state cases employing constitutional analysis, other than *Brady*. Further, the allegations in these remaining claims do not call to mind any specific rights protected by the Constitution, nor do they allege a fact pattern well within the mainstream of constitutional litigation. Although Edkin made reference in his appellate brief to "denial of a fair trial," such a sweeping assertion is insufficient to alert a state court that a federal constitutional claim is being raised. *Petrucelli v. Coombe*, 735 F.2d 684, 688 (2d Cir. 1984); *Kirksey v. Jones*, 673 F.2d 58, 60 (2d Cir.1982). In short, Edkin did not identify any constitutional basis for these claims.

Failure to exhaust even some of the claims advanced in a habeas corpus petition is generally grounds for dismissing the entire petition.[1] *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982). This leaves the petitioner with the choice of returning to state court to exhaust his claims or amending or resubmitting his habeas peti-

tion to present only the exhausted claims. *Id.* When it is clear, however, that the state court would now consider the unexhausted claims to be procedurally barred, the claims are deemed exhausted. *Grey*, 933 F.2d at 120–21.

Here, New York's procedural rules would plainly bar Edkin from attempting to raise his remaining constitutional claims before the New York Court of Appeals. Edkin cannot seek leave to appeal these claims because only one application for leave to appeal is permitted. N.Y. Court Rules § 500.10(a). Edkin already made such an application without alerting the Court to his federal claims. Further, collateral review is barred because the constitutional nature of these claims could have been raised on direct appeal. N.Y. Crim. Proc. Law §§ 440.10(2)(a), 440.10(2)(c). Accordingly, Edkin's remaining claims are deemed exhausted as a result of his procedural default.

Such exhaustion by procedural default, however, does not mean that a court can turn automatically to the merits of the claims. Federal habeas corpus review is barred unless the petitioner can demonstrate cause for the default and actual prejudice resulting therefrom, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991)

Here, Edkin has presented no reason for his failure to raise the constitutional nature of these claims on direct appeal. Edkin's attorney apparently chose to pursue the available state court remedies without raising any federal constitutional arguments. No-

---

1. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act. This Act amended 28 U.S.C. § 2254 to provide that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). This section has been interpreted to apply in situations where the court finds the unexhausted claims patently frivolous and determines that it would be futile to send them back to state court. Apparently, the interests of comity and federalism are better served by addressing the merits, thereby avoiding

useless state court litigation followed by additional meritless federal court litigation. *Hoxsie v. Kerby*, 108 F.3d 1239, 1242 (10th Cir.1997); *Ojeda v. Artuz*, 1997 WL 283398, at *3 n. 5 (S.D.N.Y. May 29, 1997); *United States v. Gilmore*, 1997 WL 51703, at *5 (N.D.Ill. Feb.4, 1997).

Courts have held, however, that this section does not apply in situations such as this, where, as discussed *infra*, the petitioner has procedurally defaulted on his unexhausted claims. *Underwood v. Artuz*, 1996 WL 734898, at *2 n. 2 (S.D.N.Y. Dec.24, 1996); *Wells v. LeFavre*, 1996 WL 692003, at *2 n. 7 (S.D.N.Y. Dec.2, 1996).

where does Edkin allege that he received ineffective assistance from counsel. Accordingly, there is no basis for a finding of cause and prejudice. Further, Edkin has not submitted any new facts to this Court showing that he is actually innocent of the crimes for which he was convicted. Consequently, there is no reason to suspect a miscarriage of justice. *Schlup v. Delo,* 513 U.S. 298, 314–15, 115 S.Ct. 851, 861, 130 L.Ed.2d 808 (1995). Because the requisite showing has not been made with respect to Edkin's procedurally defaulted claims, I dismiss those claims without reaching the merits.

## B. Merits of Edkin's *Brady* Claim

 Because Edkin has properly exhausted his *Brady* claim, I will consider the merits of that claim. Edkin maintains that the prosecution's untimely disclosure of the victim's grand jury testimony and her prior statements to the police constituted a *Brady* violation. *Brady* is not violated, however, when defense counsel ultimately receives the materials and has an opportunity to cross-examine the witness using the withheld documents. *Forrest v. Mitchell,* 1992 WL 367039, at * 3 (S.D.N.Y. Dec.2, 1992), *aff'd,* 22 F.3d 1092 (2d Cir.1994); *Robinson v. Smith,* 530 F.Supp. 1386, 1391 (W.D.N.Y.1982).

Here, the trial transcript reveals that the prosecution turned the materials over to defense counsel after jury selection, but before opening statements, on the day preceding the victim's testimony. There is no evidence that the alleged delay in turning over the materials to defense counsel caused Edkin any prejudice. In fact, defense counsel did not even object at trial to the alleged untimely disclosure. Further, defense counsel relied upon the materials in cross-examining the victim. The prosecution's actions here simply do not constitute a violation of *Brady.* Accordingly, there is no basis for habeas corpus relief.

## CONCLUSION

For the foregoing reasons, Edkin's petition for a writ of habeas corpus is dismissed. Further, because Edkin has failed to make a substantial showing of a denial of a constitutional right, I deny a certificate of appealability. 28 U.S.C. § 2253.

IT IS SO ORDERED.