■ The People of the State of New York, Respondent, v William J. Wilcox, Appellant. [771 NYS2d 454]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered July 12, 2001. The judgment convicted defendant, upon a jury verdict, of sodomy in the third degree, attempted rape in the third degree, endangering the welfare of a child, sexual abuse in the third degree (five counts) and aggravated harassment in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of attempted rape in the third degree, vacating the sentence imposed thereon and dismissing count four of the indictment as amended and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of sodomy in the third degree (Penal Law former § 130.40 [2]), attempted rape in the third degree (§§ 110.00, 130.25 [2]), endangering the welfare of a child

(§ 260.10 [1]), five counts of sexual abuse in the third degree (§ 130.55) and two counts of aggravated harassment in the second degree (§ 240.30 [1]). Defendant failed to preserve for our review his contention regarding the sufficiency of the indictment (*see People v Iannone*, 45 NY2d 589, 600 [1978]; *People v Cox*, 275 AD2d 924, 924-925 [2000], *lv denied* 95 NY2d 962 [2000]). Because defendant failed to move for severance, his challenge to the sex crimes being tried with the harassment charges is also not preserved for our review (*see* CPL 200.20 [3]; 470.05 [2]). We reject defendant's contention that County Court's *Sandoval* ruling constituted an abuse of discretion (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]). The sentence is neither unduly harsh nor severe.

We agree with defendant, and the People concede, that count four of the indictment as amended must be dismissed as time-barred. That count was reduced from attempted rape in the second degree, a felony, to attempted rape in the third degree, a misdemeanor (Penal Law § 110.05 [7]; § 130.25 [2]). Because the crime was alleged to have occurred in November 1998, and the indictment was filed in December 2000, the misdemeanor prosecution is time-barred (*see* CPL 30.10 [2] [c]). Consequently, we modify the judgment by reversing that part convicting defendant of attempted rape in the third degree, vacating the sentence imposed thereon and dismissing count four of the indictment as amended. Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.