The People of the State of New York, Respondent, v Gary B. Pryce, Appellant. [840 NYS2d 156]—

Mercure, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered November 4, 2005, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (two counts), rape in the third degree (four counts), criminal sexual act in the first degree and criminal sexual act in the third degree.

Defendant was charged in an indictment with numerous sex offenses arising out of his alleged sexual abuse of his girlfriend's daughter (born in 1988). Pursuant to a written stipulation entered into by the parties, County Court reviewed the grand jury minutes to evaluate the sufficiency of the evidence and other potential defects regarding the counts in the indictment. Thereafter, the court dismissed 7 of the 19 counts. The matter proceeded to trial and, at the close of proof, the court dismissed four of the remaining counts on the ground that the applicable law governing those counts was not enacted until after the underlying acts were alleged to have occurred. The court also denied defendant's motion for a mistrial based on the prejudicial effect of admitting into evidence the facts related to the dismissed counts. The jury convicted defendant on the remaining charges: two counts of sexual abuse in the first degree, four counts of rape in the third degree, criminal sexual act in the first degree and criminal sexual act in the third degree. County Court subsequently sentenced defendant to an aggregate term of 24 to 41 years in prison. Defendant appeals and we now modify by dismissing counts one and two of the indictment.

Initially, we note that defendant concedes that he failed to preserve his argument that the first two counts submitted to the jury were duplicitous. Notwithstanding his concession, however, we exercise our interest of justice jurisdiction and dismiss counts one and two, sexual abuse in the first degree, which allege conduct "in or around 1993 and 1994" and "in or around September, 1995 to June, 1996," respectively. These time intervals are "far too excessive to particularize a single criminal act and afford defendant an adequate opportunity to prepare a defense" (*People v Dunton*, 30 AD3d 828, 829 [2006], *lv denied* 7 NY3d 847 [2006]; *see People v Beauchamp*, 74 NY2d 639, 641 [1989]; *People v Keindl*, 68 NY2d 410, 419 [1986]; *see generally People v Sedlock*, 8 NY3d 535, 538-539 [2007]).

We reject, however, defendant's assertion that the evidence was legally insufficient to sustain his convictions of rape and criminal sexual act. The victim provided detailed testimony regarding abuse that began with defendant touching her chest and genitals when she was about six years old and, progressively, escalated into sexual intercourse and oral sexual conduct. The victim gave specific testimony regarding each charged incident, describing the time and location of each encounter, as well as precise details involving her positioning, clothing, defendant's condom use and that, immediately before each instance of abuse, defendant would ask her if she loved him, to which she would respond affirmatively. The victim's mother corroborated the victim's birth date, and testified that when she confronted defendant about his abuse of the victim, defendant admitted that he was guilty and threatened to commit suicide if she called the police. In addition, three police officers testified regarding the manner in which the incidents were revealed. Officer James Lavelle indicated that he and his partner, Officer David Hart, went to the victim's home to check the residents' welfare after the victim's mother called 911 during an altercation with defendant, and then hung up the phone without saying anything. Lavelle became suspicious when he saw defendant give the victim "a pat . . . on the butt" before leaving and discussed his suspicions with his partner. When Hart returned to question the victim about defendant, the victim would not answer any questions or look at him. Subsequently, the victim's mother contacted Officer Judith Paduano and requested an interview, during which the victim described defendant's abuse. In our view, despite the fact that the victim's memory had to be refreshed, this testimony was sufficient to establish each element of the crimes charged beyond a reasonable doubt (*see* Penal Law § 130.25 [2]; § 130.40 [2]; § 130.50 [1]; *People v*

*Bleakley,* 69 NY2d 490, 495 [1987]; *People v Wallis,* 24 AD3d 1029, 1031 [2005], *lv denied* 6 NY3d 854 [2006]; *People v Stabb,* 9 AD3d 738, 740 [2004], *lv denied* 3 NY3d 712 [2004]).

Defendant next argues that he was denied his right to a fair trial because County Court did not dismiss count four of the indictment, which charged sodomy in the first degree, and counts six, seven and eight, all of which charged rape in the first degree, until the close of proof. As noted above, County Court dismissed those charges on the ground that the applicable law was not enacted until after the underlying acts were alleged to have occurred. Defendant asserts that the evidence that the jury heard on the dismissed counts was so prejudicial as to deprive him of a fair trial. We conclude, however, that any prejudice to defendant was ameliorated by County Court's instruction to the jury that the dismissed counts had been removed from the indictment and that they were not to consider those charges, speculate as to why the charges had been removed, or draw any inference from the dismissal. Moreover, we note that the victim's testimony regarding the remaining counts was highly specific regarding place and time and, thus, there is little likelihood that the jury confused the evidence on the dismissed charges with the remaining charges of rape and criminal sexual act. In addition, the evidence of defendant's guilt on the remaining counts was overwhelming—the victim provided detailed, credible testimony on the charges, her mother testified regarding defendant's admission of guilt, and the officers' testimony regarding the manner of the revelation of the abuse negated defendant's alternative explanation that the victim fabricated the allegations to get even with defendant for leaving her mother. Under these circumstances, it cannot be said that defendant was deprived of a fair trial, and County Court properly denied his motion for a mistrial (*see People v Jackson,* 8 NY3d 869, 870-871 [2007]; *People v Garcia,* 33 AD3d 1050, 1051 [2006]; *People v McCombs,* 18 AD3d 888, 890 [2005]; *see also People v Laviolette,* 307 AD2d 541, 543-544 [2003], *lv denied* 100 NY2d 643 [2003]; *cf. People v Pyne,* 223 AD2d 910, 911 [1996], *lv denied* 88 NY2d 940 [1996]).

Defendant's remaining contentions require little further discussion. Contrary to his assertion, defense counsel's failure to discover the defect in counts four, six, seven and eight prior to commencement of trial was not "so 'egregious and prejudicial' as to deprive . . . defendant of his constitutional right[s]" to the effective assistance of counsel and a fair trial (*People v Turner,* 5 NY3d 476, 480 [2005], quoting *People v Caban,* 5 NY3d 143, 152 [2005]). Finally, we reject as meritless defen-

dant's claim that his sentence, as modified, is harsh and excessive.

Cardona, P.J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing defendant's convictions of sexual abuse in the first degree under counts one and two of the indictment; said counts dismissed and sentence imposed thereon vacated; and, as so modified, affirmed.