THIRD DEPARTMENT, APRIL, 2008

(April 3, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. ALT, Appellant. [854 NYS2d 591]—

Rose, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered May 11, 2006, upon a verdict convicting defendant of the crime of driving while intoxicated and the traffic infraction of consumption of an alcoholic beverage in a motor vehicle.

After defendant was found seated in the driver's seat of a vehicle stopped in a highway intersection with the motor running, he admitted that he had been drinking, failed a number of sobriety tests and was ultimately indicted for the crime of driving while intoxicated as a felony. County Court subsequently rejected defendant's attempted plea allocutions. At the ensuing jury trial, the defense argued that defendant had not been intoxicated when he actually operated his vehicle and he only became intoxicated after consuming alcohol while seated in his stopped car. When defendant testified to this effect, County Court permitted the People to impeach him by introducing his contrary statements made during his earlier, incomplete plea allocution. The jury found defendant guilty of, among other things, driving while intoxicated.

While we disagree with defendant's argument that the evidence at trial was insufficient to prove that he actually operated his vehicle while intoxicated (*see e.g. People v Totman*, 208 AD2d 970, 971 [1994]), there is merit to his alternate argument that County Court erred in permitting the People to use the statements he made during his plea allocution to impeach his credibility. Although defense counsel failed to preserve this issue at trial, we find that it deprived defendant of a fair trial so as to trigger our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *People v Pryce*, 41 AD3d 983, 984 [2007], *lv denied* 9 NY3d 880 [2007]; *People v Durrin*, 32 AD3d 665, 666 [2006]).

It is well settled that where a defendant's plea is withdrawn, it is out of the case for all purposes and the People may not use the plea or the contents of the plea allocution on either their direct case or for purposes of impeachment (*see People v Latham*, 90 NY2d 795, 798-799 [1997]; *People v Moore*, 66 NY2d 1028, 1029-1030 [1985]; *People v Droz*, 39 NY2d 457, 463 [1976]; *People v Curdgel*, 191 AD2d 743, 745 [1993], *affd* 83 NY2d 862 [1994]). Here, defendant's plea was rejected and effectively removed from the case when County Court refused to accept his allocution because some of his statements cast doubt on his guilt. While it is true that the court twice instructed the jury to consider defendant's prior statements solely in evaluating his

credibility, and not as evidence of his guilt, it is clear that they could not be admitted even for that limited purpose. Also, since defendant's guilt depended largely upon the jury's assessment of his credibility on the very point that was the subject of his statement, we cannot find this error to be harmless (*see People v Montgomery*, 22 AD3d 960, 963 [2005]; *People v Randolph*, 18 AD3d 1013, 1016 [2005]). Thus, defendant is entitled to a new trial.

Mercure, J.P., Peters, Kane and Malone Jr., JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Cortland County for a new trial.