THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER C. IRVINE, Appellant. [859 NYS2d 264]—

Mercure, J. Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered February 16, 2007, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (two counts), sexual abuse in the second degree (two counts), attempted sodomy in the first degree and attempted sodomy in the second degree.

In 2006, the victims, who are sisters born in 1985 and 1989, revealed to their family that defendant had sexually abused them over the course of several years while his wife was babysitting them. Defendant was thereafter charged in an indictment with numerous crimes arising out of the alleged abuse. Following a jury trial, defendant was found guilty of sexual abuse in the first degree (two counts), sexual abuse in the second degree (two counts), attempted sodomy in the first degree and at-

tempted sodomy in the second degree.[1] He was sentenced to an aggregate term of 7 to 11 years in prison, to be followed by three years of postrelease supervision. Defendant appeals.

Initially, we agree with defendant that the time frames in counts one, two and three are excessive. Counts one and two allege sexual abuse in the first degree occurring "between 1998 and 1999," and count three alleges sexual abuse in the second degree occurring "on or about 2002." An interval of one or two years is "far too excessive to particularize a single criminal act and afford defendant an adequate opportunity to prepare a defense" (*People v Dunton*, 30 AD3d 828, 829 [2006], *lv denied* 7 NY3d 847 [2006]; *see People v Sedlock*, 8 NY3d 535, 538 [2007]; *People v Beauchamp*, 74 NY2d 639, 641 [1989]; *People v Keindl*, 68 NY2d 410, 419-420 [1986]). Similarly, defendant is correct that count seven of the indictment, as amended, is time-barred; inasmuch as that count was reduced to sexual abuse in the second degree, a misdemeanor (*see* Penal Law § 130.60 [2]), the statute of limitations expired on July 31, 2005, two years from the victim's 18th birthday (*see* CPL 30.10 [2] [c]; [3] [f]). The indictment, however, was not filed until June 2006. Although defendant failed to preserve these issues for review by raising the specific objections now advanced before us (*see People v Gray*, 86 NY2d 10, 19-21 [1995]), we exercise our interest of justice jurisdiction and dismiss counts one, two, three and seven (*see People v Pryce*, 41 AD3d 983, 984 [2007], *lv denied* 9 NY3d 880 [2007]; *People v Dunton*, 30 AD3d at 829; *see also People v Wilcox*, 4 AD3d 794, 795 [2004], *lv denied* 3 NY3d 650 [2004]).

With respect to the two remaining charges, counts eight and nine alleging attempted sodomy in the first and second degrees (*see* Penal Law § 110.00, former § 130.50 [1]; former § 130.45 [1]),[2] we reject defendant's argument that the verdict is against the weight of the evidence. Viewing the evidence in a neutral light, particularly the victim's detailed testimony regarding the incident underlying counts eight and nine, we cannot say that the verdict is against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-645 [2006]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Moreover, defendant's challenges to County Court's *Molineux* ruling are unavailing; the evidence of three prior acts involving one of the victims was properly admitted to demonstrate defendant's intent and the absence of mistake or

---

1. Counts four, five and six of the indictment, charging sexual abuse in the first degree, were dismissed as barred by the statute of limitations.

2. Effective November 2003, the crimes of "sodomy" in the first and second degrees were renamed "criminal sexual act" in the first and second degrees (*see* L 2003, ch 264, §§ 19, 20).

accident (*see People v Doyle*, 48 AD3d 961, 963-964 [2008]; *People v Yagunoff*, 266 AD2d 723, 725 [1999], *lv denied* 94 NY2d 886 [2000]). Furthermore, defendant's testimony regarding a similar incident involving the victims' older sister opened the door to her rebuttal testimony (*see People v Lopez*, 9 AD3d 692, 693-694 [2004]; *see also People v Harris*, 57 NY2d 335, 344-345 [1982], *cert denied* 460 US 1047 [1983]).

We agree with defendant, however, that County Court erred in directing defense counsel to turn over notes protected by the attorney-client privilege. It is well settled that "[t]he attorney-client privilege, which . . . enables one seeking legal advice to communicate with counsel for this purpose secure in the knowledge that the contents of the exchange will not later be revealed against the client's wishes[,] . . . belongs to the client and attaches if information is disclosed in confidence to the attorney for the purpose of obtaining legal advice or services" (*People v Osorio*, 75 NY2d 80, 84 [1989] [citations omitted]; *see People v Cassas*, 84 NY2d 718, 723 [1995]). Thus, "[a] defendant who takes the stand in his or her own defense may not be cross-examined concerning statements to his or her attorney" (*People v Ackley*, 235 AD2d 633, 634 [1997], *lv denied* 89 NY2d 983 [1997]; *see People v Wilkins*, 65 NY2d 172, 179-180 [1985]; *People v Glenn*, 52 NY2d 880, 881 [1981]).

Here, the record evinces that during the suppression hearing, the People requested defense counsel's notes pertaining to defendant's testimony. County Court then conducted an in camera review of notes that defense counsel had taken during interviews with defendant and directed a court attendant to make copies of the notes for the People. Thereafter, and without objection from defense counsel, the People cross-examined defendant about the contents of the notes, including, among other things, his statements to counsel that he had consensual sexual contact with one of the victims at her initiation. The People also cross-examined defendant on that subject at trial based upon testimony elicited during the suppression hearing regarding defense counsel's notes.

Inasmuch as there is no evidence that defendant waived his attorney-client privilege, the provision of the notes to the People and their cross-examination based upon the information therein was error (*see People v Glenn*, 52 NY2d at 881; *People v Ackley*, 235 AD2d at 634). Moreover, the material contained in the notes was directly contrary to the primary defense asserted throughout the trial—that any touching of the victims that may have occurred was either accidental or as the result of horseplay and never for sexual gratification. Thus, in our view, there is a sig-

nificant probability that this error affected the verdict such that it was not harmless (*see People v Osorio*, 75 NY2d at 86-87; *People v Glenn*, 52 NY2d at 881; *cf. People v Ackley*, 235 AD2d at 634). In any event, even assuming that this particular error was harmless in itself, we would conclude that defendant was denied his constitutional right to the effective assistance of counsel due to the cumulative effect of the errors made by defense counsel in revealing privileged communications without objection, and failing to seek dismissal of counts one, two and three for alleging facially excessive time frames and count seven, as amended, on the ground that it was time-barred (*see People v Turner*, 5 NY3d 476, 480-481 [2005]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]). Accordingly, this matter must be reversed and remitted for a new trial on counts eight and nine of the indictment.

Defendant's remaining arguments are either unpreserved for our review or have been rendered academic by our decision.

Cardona, P.J., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, counts one, two, three and seven of the indictment dismissed and matter remitted to the County Court of St. Lawrence County for a new trial on counts eight and nine of the indictment.