■ The People of the State of New York, Respondent, v Jose Clas, Appellant. [863 NYS2d 493]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered June 10, 2005, convicting him of criminal sexual act in the first degree, sexual abuse in the first degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the testimony of the People's witness Dr. Jocelyn Brown amounted to improper bolstering of the complainant's testimony is unpreserved for appellate review (see CPL 470.05 [2]) since the defendant's objection at trial was based upon grounds different from those raised on appeal (see People v Saladana, 208 AD2d 872 [1994]), and his general objection was insufficient to preserve the issue for appellate review (see People v Walker, 182 AD2d 657 [1992]).

The defendant's argument regarding the testimony of the People's expert Dr. Eileen Tracey regarding child abuse accommodation syndrome is unpreserved for appellate review (see CPL 470.05 [2]; People v Naranjo, 194 AD2d 747, 748 [1993]) and, in any event, is without merit (see People v Carroll, 95 NY2d 375, 387 [2000]; People v Taylor, 75 NY2d 277, 288 [1990]; People v Higgins, 12 AD3d 775, 778-779 [2004]).

The defendant's challenges to the testimony of the complain-

ant's aunt and mother are also unpreserved for appellate review (*see People v Patten*, 43 AD3d 964, 965 [2007]; *People v Valentine*, 48 AD3d 1268 [2008]) and, in any event, are without merit.

The trial court properly denied the defendant's request for a missing witness charge with respect to his six-year-old son because the request, which was made after both sides had rested, was untimely (*see People v Lubrano*, 43 AD3d 829 [2007]; *People v Tilghman*, 233 AD2d 348 [1996]). In any event, the record demonstrates that the uncalled witness was equally available to both parties (*see People v Jean-Baptiste*, 37 AD3d 852 [2007]; *People v Herrera*, 285 AD2d 613, 614 [2001]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the sworn testimony of the complainant establishing the required elements of criminal sexual act in the first degree (*see* Penal Law § 130.50 [3]; § 130.00 [2] [a]) as well as sexual abuse in the first degree (*see* Penal Law § 130.65 [3]; § 130.00 [3]), constituted legally sufficient evidence of the defendant's guilt beyond a reasonable doubt (*see People v Pryce*, 41 AD3d 983, 984 [2007]; *People v Edkin*, 210 AD2d 808, 809-810 [1994]; *People v Lashway*, 187 AD2d 747, 749 [1992]; *People v Ali*, 178 AD2d 418 [1991]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 86-88 [1982]). Rivera, J.P., Fisher, Lifson and Dillon, JJ., concur.