■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES PACE, Appellant. [894 NYS2d 284]—

Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered January 29, 2008. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree, attempted rape in the first degree and sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of three felony offenses, including criminal sexual act in the first degree (Penal Law § 130.50 [1]). Defendant had been charged in Town Court with misdemeanor and felony offenses arising from a sexual assault he allegedly committed in the Town of West Winfield, Herkimer County. At arraignment defendant, acting pro se, pleaded guilty to the misdemeanors, and the remaining felony charges were referred to the grand jury. An indictment thereafter was issued, charging defendant with three felonies as well as the three misdemeanors to which he had already pleaded guilty. Defendant pleaded not guilty to the indictment, and the case proceeded to trial.

On the first day of jury selection in County Court, the prosecutor informed the court that he had learned only recently that defendant had pleaded guilty to the three misdemeanors, whereupon defendant moved to dismiss those counts of the indictment. The court granted defendant's motion, and defendant then moved to preclude the People from presenting at trial any evidence relating to the guilty plea. The court granted that motion only in part, ruling that, although the People could not present evidence of the plea on their direct case, they could use the plea for impeachment and rebuttal purposes should defendant testify and deny that he committed the underlying acts of the misdemeanors. Defendant contends that the court should have granted his motion in its entirety and that reversal is required based on the court's failure to do so. We reject that contention.

"It is well settled that where a defendant's plea is withdrawn, it is out of the case for all purposes and the People may not use the plea or the contents of the plea allocution on either their direct case or for purposes of impeachment" (*People v Alt*, 50 AD3d 1164, 1165 [2008]; *see People v Curdgel*, 83 NY2d 862,

864 [1994]). Here, defendant never moved to withdraw his guilty plea, and thus "the plea and the resulting conviction . . . are presumptively voluntary, valid and not otherwise subject to collateral attack" and may be used by the People as direct evidence of guilt (*People v Latham*, 90 NY2d 795, 799 [1997]). We therefore conclude that the court's ruling on defendant's motion was proper.

There is no merit to the further contention of defendant that he was deprived of effective assistance of counsel based on defense counsel's failure to move to withdraw the plea or to request *Wade* and *Huntley* hearings. Although defendant was not represented by counsel when he entered the plea, it does not necessarily follow that the plea was involuntary and thus subject to vacatur. Indeed, such a determination cannot be made on this record, which does not include a transcript of the plea colloquy (*see generally People v Barnes*, 56 AD3d 1171 [2008]). Defendant has thus failed to establish on the record before us that a motion to vacate the plea would have been meritorious and that defense counsel was therefore ineffective in failing to make such a motion (*see People v Spicola*, 61 AD3d 1434, 1435 [2009]). In any event, as the People correctly note, defendant gave a full confession to the police after his arrest, and forensic tests established that the DNA in semen on the victim's shirt matched defendant's DNA. Thus, even if defense counsel had successfully moved to vacate the plea, there nevertheless was overwhelming proof that defendant had committed the misdemeanors to which he pleaded guilty, and it therefore cannot be said that a successful motion would have benefitted him.

In addition, defendant was not deprived of effective assistance of counsel based on defense counsel's failure to request a *Wade* hearing, inasmuch as there is no indication in the record that defendant was identified in a pretrial identification arranged by the police. With respect to defense counsel's failure to request a *Huntley* hearing concerning the statements made by defendant to the police, defendant has not shown that such a motion, if made, would have been successful (*see People v Borcyk*, 60 AD3d 1489 [2009], *lv denied* 12 NY3d 923 [2009]). We note, however, that defendant has not contended that defense counsel was ineffective for failing to move for dismissal of the indictment on statutory double jeopardy grounds as a result of the guilty plea in Town Court (*see* CPL 40.20 [2]). Present—Scudder, P.J., Smith, Fahey and Lindley, JJ.