■ The People of the State of New York, Respondent, v Roodly Loiseau, Appellant. [33 NYS3d 471]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered October 22, 2014, convicting him of sexual abuse in the first degree (two counts) and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

The defendant contends that he was deprived of a fair trial because the Supreme Court allowed the prosecutor, on cross-examination, to question him, in violation of the attorney-client privilege, as to whether he made a certain admission to his attorney which contradicted his trial testimony. Although the defendant failed to preserve this claim for appellate review (*see* CPL 470.05 [2]; *People v Gill*, 54 AD3d 965 [2008]), we nevertheless reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]). Allowing this questioning was error, as it concerned a statement the defendant allegedly made to his attorney (*see People v Wilkins*, 65 NY2d 172, 179 [1985]; *People v Glenn*, 52 NY2d 880, 881 [1981]; *People v Shapiro*, 308 NY 453, 459 [1955]; *People v Nelu*, 157 AD2d 864 [1990]; *People v Ali*, 146 AD2d 636, 637-638 [1989]). The error was not harmless, as the proof of the defendant's guilt was not overwhelming and the questioning was highly damaging to the defendant's credibility, the jury's assessment of which, compared to that of the complainant, was the central issue in the case (*see People v Glenn*, 52 NY2d at 881; *People v Irvine*, 52 AD3d 866, 868-869 [2008]; *People v Ali*, 146 AD2d at 637; *People v Wagman*, 99 AD2d 519, 520 [1984]; *cf. People v Ackley*, 235 AD2d 633, 634 [1997]). Under the circumstances of this case, the court's instructions to the jury in its preliminary instructions and final charge that questions in and of themselves were not evidence, and that the jurors were prohibited from inferring any facts from the mere asking of a question, cannot be deemed to have obviated any prejudice resulting from the error (*see People v Magee*, 135 AD3d 1176, 1181 [2016]). Accordingly, we reverse the judgment of conviction and remit the matter to the Supreme Court, Kings County, for a new trial.

The defendant's remaining contentions are without merit or need not be reached in light of our determination. Eng, P.J., Roman, LaSalle and Barros, JJ., concur.