People v Hines (2019 NY Slip Op 08032)





People v Hines


2019 NY Slip Op 08032


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


932 KA 16-01594

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TAMMY HINES, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DIANNE C. RUSSELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 3, 2016. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her, upon a jury verdict, of grand larceny in the fourth degree (Penal Law
§ 155.30 [1]), defendant contends that she was denied effective assistance of counsel. We reject that contention. Defense counsel's failure to request a Huntley hearing, without more, does not constitute a basis for finding ineffectiveness (see People v Williams, 140 AD2d 969, 970 [4th Dept 1988]; see also People v Brown, 122 AD2d 546, 546 [4th Dept 1986], lv denied 68 NY2d 810 [1986]). In addition, defendant was not deprived of effective assistance of counsel based on defense counsel's failure to pursue a Wade hearing. Defendant failed to "demonstrate the absence of strategic or other legitimate explanations for [that] failure" (People v Rivera, 71 NY2d 705, 709 [1988]), particularly inasmuch as defendant's identity was established at trial directly through video surveillance evidence and, moreover, there is no indication in the record that defendant was identified in a pretrial identification arranged by the police (see People v Pace, 70 AD3d 1364, 1366 [4th Dept 2010], lv denied 14 NY3d 891 [2010]).
Although we agree with defendant that there is no basis in the record to conclude that the loss prevention officers who gave testimony identifying defendant as an individual depicted in the surveillance video were more likely to correctly identify defendant from the video than the jury (cf. People v Brown, 145 AD3d 1549, 1549 [4th Dept 2016], lv denied 29 NY3d 947 [2017]; People v Sampson, 289 AD2d 1022, 1023 [4th Dept 2001], lv denied 97 NY2d 733 [2002]), we further conclude that defendant failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcoming[]" in failing to object to the admission of that testimony (People v Hogan, 26 NY3d 779, 785 [2016] [internal quotation marks omitted]; see People v Benevento, 91 NY2d 708, 712 [1998]).
Finally, with respect to defendant's remaining allegations of ineffective assistance of counsel, we note that the constitutional right to effective assistance of counsel "does not guarantee a perfect trial, but assures the defendant a fair trial" (People v Flores, 84 NY2d 184, 187 [1994]; see People v Ford, 86 NY2d 397, 404 [1995]). Having examined the record before us, we conclude that "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court